CORBIN RUSSWIN, INC., Plaintiff v. ALEXANDER'S HARDWARE, INC., Defendant

No. COA00-1097

(Filed 18 December 2001)

**1. Jurisdiction— long-arm statute—promissory note for valuable consideration**

A promissory note for valuable consideration was sufficient to bring a Connecticut corporation under the North Carolina long-arm statute. N.C.G.S. § 1-75.4(5)c.

**2. Jurisdiction— minimum contacts—four payments on note mailed to North Carolina**

The minimum contacts requirement for personal jurisdiction in North Carolina was not satisfied where defendant's only contact with North Carolina was the mailing of approximately four payments on a promissory note from Connecticut to North Carolina.

**3. Jurisdiction— choice of law clause—distinguished from forum selection and consent to jurisdiction clauses**

A clause in a promissory note that it would be "governed and construed in accordance with the laws of North Carolina" was a choice of law clause rather than a forum selection clause or a consent to jurisdiction. A choice of law clause is a factor in determining minimum contacts and due process, but is not determinative.

Appeal by defendant from judgment entered 11 July 2000 and filed 12 July 2000 by Judge Richard D. Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 21 August 2001.

*Moore & Van Allen, P.L.L.C., by Andrew S. O'Hara and Carlos L. Pauling, for Plaintiff-Appellee.*

*Johnston, Allison & Hord, P.A., by Gary J. Welch and Kenneth Lautenschlager, for Defendant-Appellant.*

BRYANT, Judge.

Defendant-appellant Alexander's Hardware, Inc., is a Connecticut corporation with its principal place of business in Connecticut. Plaintiff-appellee Corbin Russwin, Inc., is a Delaware corporation with its principal place of business in North Carolina. In its com-

CORBIN RUSSWIN, INC. v. ALEXANDER'S HDWE., INC.

[147 N.C. App. 722 (2001)]

plaint, Corbin alleges that between 1993 and 1997, Alexander's ordered and received locks, keys, and other hardware from Corbin. No products were shipped to or from North Carolina. Alexander's accepted the goods, but failed to pay the entire balance.[1] In 1996, Alexander's executed a promissory note [Note] in favor of Corbin in the original principal amount. The Note contained the provision, "This Note is to be governed and construed in accordance with the laws of the State of North Carolina . . . ." Alexander's mailed approximately four payments to Corbin in North Carolina, then defaulted on the Note.

Corbin brought this action on 28 January 2000 in Superior Court in Mecklenburg County to recover for breach of contract, default and unjust enrichment. Alexander's filed a Motion to Dismiss on 3 April 2000, alleging that North Carolina courts do not have in personam jurisdiction over it.[2] On 7 July 2000, Corbin filed its Memorandum of Law in Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction. The trial court, without stating findings of fact, denied the defendant's motion to dismiss for lack of in personam jurisdiction.

The sole issue before us is whether the trial court erred in denying the defendant's motion to dismiss for lack of in personam jurisdiction. We hold that the trial court erred in denying the defendant's motion. Accordingly, we reverse.

North Carolina General Statute section 1-277(b) provides that the right of immediate appeal lies from an order denying a motion to dismiss for lack of in personam jurisdiction. N.C. Gen. Stat. § 1-277(b) (1999); *Duke Univ. v. Bryant-Durham Elec. Co., Inc.*, 66 N.C. App. 726, 311 S.E.2d 638 (1984). The plaintiff has the burden of establishing by a preponderance of the evidence that the trial court has jurisdiction over the defendant. *Church v. Carter*, 94 N.C. App. 286, 289, 380 S.E.2d 167, 169 (1989). The judge is not required to make findings of fact to support a ruling on a motion to dismiss, unless requested by the parties. *Id.* When the trial court does not make findings of fact, this Court, on appeal, presumes that there were sufficient facts to support the judgment. *Id.* This Court then determines whether there is competent evidence to support the presumed findings of fact. *Id.* at 289-90, 380 S.E.2d at 169.

---

1. This fact is in dispute.

2. Alexander's filed a complaint on 10 May 2000 in Connecticut Superior Court, alleging violations of the Connecticut Franchise Act and Unfair Trade Practices Act, breach of contract and unjust enrichment.

A two-step analysis applies when determining whether a court may exercise in personam jurisdiction over a non-resident defendant. First, is there statutory authority that confers jurisdiction on the court? *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 675, 231 S.E.2d 629, 630 (1977). This is determined by looking at North Carolina's "long arm" statute. *Id.* (referring to N.C. Gen. Stat. § 1-75.4 (1999)). Second, if statutory authority confers in personam jurisdiction over the defendant, does the exercise of in personam jurisdiction violate the defendant's due process rights? *Id.*

[1] We first address the issue of statutory authority. North Carolina General Statute section 1-75.4(5)c provides in pertinent part that a North Carolina court has in personam jurisdiction over a defendant in an action that "[a]rises out of a promise, made anywhere to the plaintiff . . . by the defendant to deliver or receive within this State, or to ship from this State goods, documents of title, or other things of value . . . ." N.C. Gen. Stat. § 1-75.4(5)c (1999). North Carolina courts have construed "other things of value" to include money. *Pope v. Pope*, 38 N.C. App. 328, 330, 248 S.E.2d 260, 261 (1978). In this case, Alexander's signed a promissory note for valuable consideration. A promissory note for valuable consideration is sufficient to bring the defendant under the jurisdiction of the court pursuant to North Carolina's long arm statute.

[2] We next address the issue of due process. The exercise of in personam jurisdiction must comport with due process. To comport with due process, the defendant must have minimum contacts in the forum state. *Godwin v. Walls*, 118 N.C. App. 341, 353, 455 S.E.2d 473, 482 (1995), *rev. allowed*, 341 N.C. 419, 461 S.E.2d 757 (1996). Minimum contacts must be such that the exercise of in personam jurisdiction "does not offend 'traditional notions of fair play and substantial justice.' " *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 102 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 343, 85 L. Ed. 278, 283 (1940)). The defendant must have invoked the benefits and protections of the laws of the forum state by purposely availing himself of the privilege of doing business in that state. *Godwin*, 118 N.C. at 353, 455 S.E.2d at 482. "This relationship between the defendant and the forum must be 'such that he should reasonably anticipate being haled into court there.' " *Tom Togs, Inc. v. Ben Elias Indus. Corp.*, 318 N.C. 361, 365, 348 S.E.2d 782, 786 (1986) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 62 L. Ed. 2d 490, 501 (1980)).

CORBIN RUSSWIN, INC. v. ALEXANDER'S HDWE., INC.

[147 N.C. App. 722 (2001)]

In determining minimum contacts, the court looks at several factors, including: 1) the quantity of the contacts; 2) the nature and quality of the contacts; 3) the source and connection of the cause of action with those contacts; 4) the interest of the forum state; and 5) the convenience to the parties. *Phoenix Am. Corp. v. Brissey*, 46 N.C. App. 527, 530-31, 265 S.E.2d 476, 479 (1980). These factors are not to be applied mechanically; rather, the court must weigh the factors and determine what is fair and reasonable to both parties. *Id.* at 531, 265 S.E.2d at 479 (citing *Farmer v. Ferris*, 260 N.C. 619, 625, 133 S.E.2d 492, 497 (1963)). No single factor controls; rather, all factors "must be weighed in light of fundamental fairness and the circumstances of the case." *B.F. Goodrich Co. v. Tire King of Greensboro, Inc.*, 80 N.C. App. 129, 132, 341 S.E.2d 65, 67 (1986).

In the case before us, Alexander's sole retail store was in Ansonia, Connecticut. Alexander's never solicited business in North Carolina. It never advertised in North Carolina. It never shipped products to North Carolina, nor did it purchase materials or products from North Carolina. Finally, Alexander's never conducted any business in North Carolina. The parties executed the Note in Connecticut. Alexander's sole contact with this State was the mailing to North Carolina of approximately four payments on the Note.

Corbin argues that a single contract is sufficient to establish in personam jurisdiction. We disagree. While it is true that a single contract may sometimes be sufficient to establish in personam jurisdiction, *Tom Togs, Inc.*, 318 N.C. at 367, 348 S.E.2d at 786, this is not always the case. As our Supreme Court stated in *United Buying Group, Inc. v. Coleman*, 296 N.C. 510, 251 S.E.2d 610 (1979), "[T]he circumstances surrounding the signing of such obligation must be closely examined in each case to determine whether the quality and nature of defendant's contacts with North Carolina justify the assertion of personal jurisdiction over him in an action on the obligation." *Id.* at 518, 251 S.E.2d at 616.

[3] Corbin also argues that the Note expressly provided that it would be "governed and construed in accordance with the laws of the State of North Carolina" and thus, Alexander's purposely availed itself of the laws of this State. We disagree. The provision in the Note is a choice of law clause, which our Supreme Court explains "names a particular state and provides that the substantive laws of that jurisdiction will be used to determine the validity and construction of the contract, regardless of any conflicts between the laws of the named

state and the state in which the case is litigated." *Johnston County v. R.N. Rouse & Co., Inc.*, 331 N.C. 88, 92, 414 S.E.2d 30, 33 (1992). There are three types of provisions frequently used by contracting parties to avoid potential litigation concerning jurisdiction and governing law: 1) forum selection; 2) consent to jurisdiction; and 3) choice of law. *Johnston County v. R.N. Rouse & Co.*, 331 N.C. 88, 92, 414 S.E.2d 30, 33 (1992). One commentator who recognized the difficulty in distinguishing between the clauses offered this guidance:

> [1] A typical forum-selection clause might read: '[B]oth parties agree that only the New York Courts shall have jurisdiction over this contract and any controversies arising out of this contract.' . . .

> [2] A . . . .'consent to jurisdiction' clause[ ] merely specifies a court empowered to hear the litigation, in effect waiving any objection to personal jurisdiction or venue. Such a clause might provide: '[T]he parties submit to the jurisdiction of the courts of New York.' Such a clause is 'permissive' since it allows the parties to air any dispute in that court, without requiring them to do so.

> [3] . . . A typical choice-of-law. provision provides: 'This agreement shall be governed by, and construed in accordance with, the law of the State of New York.'

*Johnston County v. R.N. Rouse & Co.*, 331 N.C. 88, 93, 414 S.E.2d 30, 33 (1992) (non-numbered alterations in original) (quoting Leandra Lederman, Note, *Viva Zapata!: Toward a Rational System of Forum-Selection Clause Enforcement in Diversity Cases*, 66 N.Y.U. L. Rev. 422, 423 n.10 (1991)).

Black's Law Dictionary also provides guidance. A forum selection clause is "[a] contractual provision in which the parties establish the place (such as the country, state, or type of court) for specified litigation between them." Black's Law Dictionary 665 (7th ed. 1999). Choice of jurisdiction (a.k.a., consent to jurisdiction), on the other hand, is "[t]he choice of the state (or country) that should exercise jurisdiction over a case." *Id.* at 234. A choice-of-law clause is "[a] contractual provision by which the parties designate the jurisdiction whose law will govern any disputes that may arise between the parties." *Id.* To summarize, a forum selection clause designates the venue, a consent to jurisdiction clause waives personal jurisdiction

and venue, and a choice-of-law clause designates the law to be applied.

In the case at bar, the provision in the Note stated, "This Note is ·to be governed and construed in accordance with the laws of the State of North Carolina . . . ." This provision is very similar to the choice-of-law example stated in *R.N. Rouse*. Corbin argues that the choice-of-law clause is a pivotal factor in determining whether the trial court had in personam jurisdiction. In support of this argument, Corbin cites a section of *Inspirational Network, Inc. v. Combs*, 131 N.C. App. 231, 241, 506 S.E.2d 754, 761-62 (1998), which states that "[a] factor in determining fairness concerning a breach of contract . . . is whether the contract expressly provides that the law of the forum state would apply to actions arising out of the contract." (alterations in original) (citing *Cherry Bekaert & Holland v. Brown*, 99 N.C. App. 626, 635, 394 S.E.2d 651, 657 (1990)).

Corbin's reliance on *Inspirational Network* is misguided. In that case, Inspirational Network, Inc. [INSP], a cable network, provided advertising and television programs. Merchant Square Network, Inc. [MSN] entered into a contract with INSP to air "infomercials." When MSN defaulted on payments to INSP in North Carolina, it executed a promissory note providing that, inter alia, the note was "to be governed and construed in accordance with the laws of the State of North Carolina." *Inspirational Network*, 131 N.C. App. at 233, 506 S.E.2d at 757. After making several payments on the note, MSN defaulted. INSP sued MSN's president and chief executive officer, as well as its chief financial officer [the defendants]. The defendants moved to dismiss for lack of in personam jurisdiction. The trial court denied the motion, and the defendants appealed. In affirming the trial court's decision, this Court found jurisdiction under this State's long arm statute and minimum contacts to satisfy due process requirements. The minimum contacts requirement was satisfied because the CFO made numerous phone calls to North Carolina, MSN's programs were aired in North Carolina and MSN voluntarily entered into a contractual arrangement with INSP, a North Carolina corporation.

The *Inspirational Network* Court noted that the provision that the promissory note would be "governed and construed in accordance with the laws of the State of North Carolina" was a factor in determining the fairness of the breach of contract. *Id.* at 241-42, 506 S.E.2d at 761-62. Thus, reading *Inspirational Network* and *R.N. Rouse* together, it becomes clear that: 1) the clause in the contract in

*Inspirational Network* was a choice-of-law clause; and 2) a choice-of-law clause is a *factor* in determining the issue of minimum contacts and due process, but not determinative of the issue of in personam jurisdiction.

Like the promissory note in *Inspirational Network*, the Note in the case sub judice contains a choice-of-law provision but no choice of, or consent to jurisdiction provision. However, unlike *Inspirational Network*, the only contact Alexander's had with North Carolina was the mailing to this State of approximately four payments on the Note. Therefore, we must rely solely on these payments to determine whether due process requirements have been met. We find that they have not. Other than the payments, we find nothing else to indicate that Alexander's purposely availed itself of the benefits and protections of the laws of North Carolina. This contact is too tenuous to avoid offending "traditional notions of fair play and substantial justice." Accordingly, we reverse.

Reversed.

Judges GREENE and CAMPBELL concur.