ALEC D. HICKOX, AND HICKOX ENTERPRISES, INC., PLAINTIFFS v. R&G GROUP INTERNATIONAL, INC., D/B/A McLAREN INDUSTRIES AND McLAREN RUBBER INDUSTRIES, DEFENDANT

No. COA03-130

(Filed 2 December 2003)

**1. Appeal and Error— appealability—denial of motion to dismiss—forum selection clause**

The denial of a motion to dismiss based on a forum selection clause is interlocutory but appealable because it involves a substantial right.

**2. Appeal and Error— misnamed motion—content of arguments**

The application of a forum selection clause was considered on appeal of the denial of a motion to dismiss for lack of jurisdiction because the arguments to the trial court and the arguments on appeal concerned the forum selection clause. N.C.G.S. § 1A-1, Rule 15(b).

**3. Venue— forum selection clause—choice of law clause— employment contract dispute**

A forum selection clause did not apply to a dispute over an employment contract where the plain language of the contract limited the clause to disputes over orders and commissions,

which were not involved here. A provision relating to disputes regarding performance of the contract was a choice of law provision.

Appeal by defendant from order entered 22 October 2002 by Judge Richard D. Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 30 October 2003.

*Giordano, Gordon, & Burns, P.L.L.C., by William F. Burns, Jr., for plaintiffs-appellees.*

*Van Hoy, Reutlinger, Adams & Dunn, by Stephen J. Dunn, for defendant-appellant.*

CALABRIA, Judge.

On 2 April 2002, Alec D. Hickox ("Hickox") and Hickox Enterprises, Inc., ("plaintiffs") filed suit in Mecklenburg County, North Carolina, against R&G Group International ("defendant") alleging defendant unlawfully terminated Hickox and breached their employment contract. Thereafter, defendant moved to dismiss the suit pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b) (2001). The trial court denied this motion, and defendant appealed.

[1] Although a denial of a motion to dismiss is an interlocutory order, where the issue pertains to applying a forum selection clause, our case law establishes that defendant may nevertheless immediately appeal the order because to hold otherwise would deprive him of a substantial right. *Mark Grp. Int'l, Inc. v. Still,* 151 N.C. App. 565, 566 & n.1, 566 S.E.2d 160, 161 & n.1 (2002).

[2] In the case at bar, defendant raised the issue pursuant to a motion to dismiss for lack of subject matter jurisdiction, under Rule 12(b)(1), and personal jurisdiction, under Rule 12(b)(2). Fundamentally, "a forum selection clause designates the venue," and therefore a motion to dismiss for improper venue pursuant to Rule 12(b)(3) would be most applicable. *Corbin Russwin, Inc. v. Alexander's HDWE, Inc.,* 147 N.C. App. 722, 726, 556 S.E.2d 592, 596 (2001). However, despite this difference in the posturing of the issue, our Rules provide: "[w]hen issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." N.C. Gen. Stat. § 1A-1, Rule 15(b) (2001). Accordingly, although defendant termed the motion to dismiss for lack of jurisdiction rather than venue, it is apparent from

the trial court's order that the arguments presented to that court, and the issue now before us, is the application of the forum selection clause.

[3] The contested issues in the case at bar relate to provisions of the contract which sought to avoid potential litigation by expressly designating which state's law would be applied and which forum would determine a dispute. "[T]he choice of law provision[] names a particular state and provides that the substantive laws of that jurisdiction will be used to determine the validity and construction of the contract, regardless of any conflicts between the laws of the named state and the state in which the case is litigated." *Johnston County v. R.N. Rouse & Co.*, 331 N.C. 88, 92, 414 S.E.2d 30, 33 (1992). "A forum selection provision designates a particular state or court as the jurisdiction in which the parties will litigate disputes arising out of the contract and their contractual relationship." *Id.*, 331 N.C. at 93, 414 S.E.2d at 33. This contract provided:

JURISDICTION

The parties acknowledge that this Agreement has been signed and executed in the County of Los Angeles, State of California, and is deemed to be in accordance with California law, which law shall be applied in the event of any dispute which may arise in connection with the performance of its terms.

It is agreed that any and all orders solicited herein, shall be accepted by Employer at its principal place of business in Paramount, California, and that any disputes arising from any such orders or commissions thereunder, shall be determined in accordance with California law, and that the appropriate jurisdiction for the determination of any such dispute is deemed to be in the County of Los Angeles, State of California.

The first paragraph is a choice of law provision which sets forth that California law will apply to "any dispute" regarding the performance of the contractual terms. The second paragraph is both a choice of law and a forum selection provision, which provides that California law will be the applicable law, and Los Angeles, California will be the appropriate forum for disputes regarding orders solicited under the contract, or commissions earned thereunder. Accordingly, the contract provided that all disputes be determined in accordance with California law, and those disputes "arising from . . . orders or commissions" be litigated in California.

The parties assert the controlling determination for application of the forum selection clause is whether California or North Carolina law is applied to the case at bar. Defendant asserts that because California was chosen by the parties as the law to be applied to "any dispute" regarding the contract, California law must determine the validity of the forum selection clause. *Land Co. v. Byrd*, 299 N.C. 260, 262, 261 S.E.2d 655, 656 (1980) (North Carolina recognizes that "where parties to a contract have agreed that a given jurisdiction's substantive law shall govern the interpretation of the contract, such a contractual provision will be given effect"). Plaintiffs, on the other hand, assert that California law may not control a forum selection clause voided by North Carolina public policy, which prohibits forum selection clauses limiting prosecution of cases to venues outside North Carolina where the claim involves a contract entered into in North Carolina. *See Torres v. McClain*, 140 N.C. App. 238, 241, 535 S.E.2d 623, 625 (2000) (holding the parties' choice is given effect " 'as long as they [(1)] had a reasonable basis for their choice and [(2)] the law of the chosen State does not violate a fundamental public policy of the state or otherwise applicable law.' "); N.C. Gen. Stat. § 22B-3 (2001) (stating "any provision in a contract entered into in North Carolina that requires the prosecution of any action or the arbitration of any dispute that arises from the contract to be instituted or heard in another state is against public policy and is void and unenforceable"). However, we need not address whether North Carolina public policy overrides the parties' choice of law because North Carolina public policy is only concerned with application of the forum selection clause, and the forum selection clause itself provides that it is not applicable to the case at bar.

Although the choice of law provisions apply California law to any dispute arising from the contract, the plain language of the forum selection clause limits its application to only some disputes which arise under the contract. Specifically, the forum selection clause is limited to disputes over *orders* and the *commissions* under the orders and does not apply the forum selection clause to disputes "aris[ing] in connection with the performance of [the contract]." This case is a dispute over the performance of the contract not a dispute over orders and commissions arising under the contract. The complaint alleges defendant breached the employment contract by requiring that if Hickox did not "sell a certain number of units by February 15, 2002, Defendant would not pay him a salary any longer." Moreover, defendant attempted to modify the contract by requiring that defendant's compensation after 15 February 2002 be exclusively

based on commission. Finally, defendant "took the automobile the Plaintiff had been provided as part of his compensation package on the pretense of their having to use it to return to California." Hickox at no time agreed to the modification of the contract. On 22 February 2002, defendant notified Hickox that he was terminated, and no compensation was provided following 23 February 2002. Accordingly, this complaint sets forth a dispute which does not "aris[e] from any [] orders [solicited under the contract] or commissions thereunder," but rather is a "dispute [] aris[ing] in connection with the performance of [the contract's] terms." Under California law,[1] if the written provisions of the contract are "clear and explicit" they govern.[2] *Rosen v. State Farm General Ins. Co.*, 70 P.3d 351, 354 (Cal. 2003). Since the plain language of the contract does not provide for application of the forum selection clause to the case at bar, we affirm the order of the trial court on this basis.

Affirmed.

Judges McGEE and HUDSON concur.

---

1. We apply California law because the contract provided a choice of law provision for "any dispute which may arise in connection with the performance of [the contract]." Although choice of law provisions may not be complied with if they are unreasonable or violate public policy, plaintiffs never asserted application of California law was unreasonable. *See Torres*, 140 N.C. App. at 241, 535 S.E.2d at 625. Moreover, plaintiffs' assertion that California law was inapplicable based on the public policy expressed in N.C. Gen. Stat. § 22B-3 only relates to forum selection clauses and not contract interpretation as applied here. Accordingly, we apply the parties' choice of law provision as expressed in the first paragraph under "Jurisdiction" set forth above.

2. We note that even were North Carolina law to apply, North Carolina courts also abide by the plain language of the contract. *Rouse v. Williams Realty Bldg. Co.*, 143 N.C. App. 67, 69-70, 544 S.E.2d 609, 612, *aff'd*, 354 N.C. 357, 554 S.E.2d 337 (2001) (explaining our courts have a duty to enforce contracts as written, for this duty acts to preserve the fundamental freedom of contract).