Lendingtree, LLC v. Anderson, 2012 NCBC 21.

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF
JUSTICE
SUPERIOR COURT DIVISION
08 CVS 9108

LENDINGTREE, LLC,                )
                                 )
        Plaintiff,               )
                                 )
vs.                              )
                                 )    **AMENDED ORDER & OPINION**
DAVID N. ANDERSON,               )
                                 )
        Defendant.               )
                                 )
_____  )

*K&L Gates, LLP by John H. Culver, III and Glenn E. Ketner, III for Plaintiff.*

*Bishop Capitano & Moss, P.A. by J. Daniel Bishop for Defendant.*

Murphy, Judge.

{1}     **THIS MATTER** is before the Court upon Plaintiff LendingTree, LLC's ("Plaintiff") Motion to Amend Complaint ("Motion to Amend") and Defendant David N. Anderson's ("Defendant") Application for Determination of Improper Venue and Defective Claim Defenses and Objection to Plaintiff's Motion to Amend pursuant to Rule 12(d) of the North Carolina Rules of Civil Procedure ("Application for Improper Venue"). After considering the Complaint, the parties' motions and briefs, and the arguments and contentions of counsel at the Court's October 24, 2011, hearing, the Court **GRANTS** Plaintiff's Motion to Amend, and **DENIES** Defendant's Application for Improper Venue.

I.

PROCEDURAL HISTORY

{2}     In April 2008, Plaintiff brought this suit alleging that Defendant was involved in a scheme to steal information from Plaintiff's confidential computer system. (Compl. ¶¶ 35–38.) Pursuant to Business Court Rule 17, the parties conducted a Case Management Conference ("CMC") on June 18, 2008, where both

Plaintiff and Defendant were represented by counsel. (Jt. Case Mgmt. Report 1.) The resulting Joint Case Management Report ("CMR") was submitted by the parties on June 20, 2008, and this Court entered a Case Management Order ("CMO") on June 26, 2008. (Jt. Case Mgmt. Report 10; Case Mgmt. Order 7.)

{3} On July 21, 2008, Defendant filed his Answer with the Court and soon afterwards began seeking discovery and noticing depositions for Plaintiff's employees. (Pl.'s Resp. Def.'s Mot. Dismiss 3.) Prompted by pending criminal charges against co-defendant Jarrod Beddingfield ("Beddingfield"), the Court issued an order on August 4, 2008, staying all discovery in the case. (Pl.'s Resp. Def.'s Mot. Dismiss 3.)

{4} The case remained stayed until September 2010, and on December 16, 2010, Plaintiff dismissed its claims against Defendant Beddingfield. (Pl.'s Notice of Dismissal 1.) Plaintiff filed its Motion to Amend on February 2, 2011, and Defendant responded with his Application for Improper Venue on March 10, 2011. (Def.'s Appl. Improper Venue 2.) Defendant's Application for Improper Venue included a Motion to Dismiss pursuant to Rule 12(b)(3) and Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. The Court held a hearing on the parties' motions on October 24, 2011.

II.

STATEMENT OF FACTS

{5} While ordinarily the Court does not make findings of fact in connection with motions to dismiss, as such motions do "not present the merits, but only [determine] whether the merits may be reached," *Concrete Serv. Corp. v. Investors Group, Inc.*, 79 N.C. App. 678, 681, 340 S.E.2d 755, 758 (1986), for purposes of this Order and Opinion's Rule 12(b)(6) analysis, the Court recites those facts from the pleadings that are relevant to the Court's legal determinations.

{6} Plaintiff is a limited liability company organized under the laws of the State of Delaware, and headquartered in Charlotte, North Carolina. (Compl. ¶ 2.)

{7} Defendant Anderson is a resident of Waxhaw, Union County, North Carolina, and until June, 2006, was Senior Vice-President of New Business Development for Plaintiff in Charlotte, North Carolina. (Compl. ¶¶ 4, 30.)

{8} Plaintiff's claims revolve around alleged acts taken by Defendant to steal passwords and other confidential information from Plaintiff's proprietary computer system in violation of the parties' Employment Agreement, and the Computer Fraud and Abuse Act ("CFAA"). (Compl. ¶¶ 31–33, 53–58.) Plaintiff alleges that the Defendant's violations of the CFAA required Plaintiff's employees to "spen[d] a significant period of time working on the investigation into the intrusion," and resulted in damages in excess of $10,000. (Pl.'s Resp. Def.'s Mot. Dismiss 13; Compl. ¶ 58.)

{9} The Employment Agreement entered into by the parties included a forum and venue selection clause that contained the following provision:

> This Agreement and the legal relations thus created between the parties hereto shall be governed by and construed under and in accordance with the laws of the State of Delaware without reference to the principles of conflicts of laws. Any and all disputes between the parties which may arise pursuant to this Agreement will be heard and determined solely before an appropriate federal court in Delaware, or, if not maintainable therein, then in an appropriate Delaware state court.

(Compl. Ex. B 3–4.)

{10} At the CMC conducted pursuant to Business Court Rule 17 of the General Rules of Practice and Procedure for the North Carolina Business Court, both parties were represented by counsel who participated in the drafting of the parties' CMR. (Jt. Case Mgmt. Report 1.)

{11} Neither party indicated in the CMR that they would be challenging venue. (Jt. Case Mgmt. Report 4.) To the contrary, the language included in the CMR was clear: "[t]he parties stipulate that venue is proper in this action." (Jt. Case Mgmt. Report 4.)

{12}    Based upon the parties' stipulation, the Court entered a CMO finding that "[v]enue [was] proper in this action" (Case Mgmt. Order 3) and, neither party objected to the finding.

{13}    After the CMO was entered, Defendant filed his Answer which, for the first time, asserted a defense of improper venue. (Answer 11.) From the time Defendant filed his Answer until March 10, 2011, Defendant made no attempt to have a hearing scheduled to address his challenge to venue nor did he move to dismiss this action because of the Employment Contract's forum selection clause.

III.

STANDARD OF REVIEW

{14}    In North Carolina, the proper procedure for seeking enforcement of a contractual forum or venue selection clause is a motion to dismiss for improper venue pursuant to Rule 12(b)(3). *See Hickox v. R&G Group Int'l, Inc.*, 161 N.C. App. 510, 511, 588 S.E.2d 566, 567 (2003) (citing *Corbin Russwin, Inc. v. Alexander's HDWE, Inc.*, 147 N.C. App. 722, 726, 556 S.E.2d 592, 596 (2001)).

{15}    Upon a motion made pursuant to Rule 12(b)(3), North Carolina courts will generally enforce a contractual forum selection clause if that clause is mandatory. *Mark Group Int'l, Inc.*, 151 N.C. App. at 568, 566 S.E.2d at 162. "[M]andatory forum selection clauses recognized by our appellate courts have contained words such as 'exclusive' or 'sole' or 'only' which indicate that the contracting parties intended to make jurisdiction exclusive." *Id.*

{16}    On a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, the question for the court is "'whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory.'" *Block v. County of Person*, 141 N.C. App. 273, 277, 540 S.E.2d 415, 419 (2000) (quoting *Harris v. NCNB Nat'l Bank*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987)).

{17}    "The complaint must be liberally construed, and the court should not dismiss the complaint unless it appears beyond a doubt that the plaintiff could not

prove any set of facts to support his claim which would entitle him to relief." *Id.* at 277–78, 540 S.E.2d at 419.

{18}   In considering a motion to dismiss for failure to state a claim upon which relief can be granted, "'the well-pleaded material allegations of the complaint are taken as admitted; but conclusions of law or unwarranted deductions of fact are not admitted.'" *Pinewood Homes, Inc. v. Harris*, 184 N.C. App. 597, 613, 646 S.E.2d 826, 837 (2007) (quoting *Sutton v. Duke*, 277 N.C. 94, 98, 176 S.E.2d 161, 163 (1970)).

IV.

ANALYSIS

A.

IMPROPER VENUE

{19}   Defendant asks the Court to dismiss this action because the defense of improper venue was included in his Answer filed July 21, 2008.  (Def.'s Br. Supp. Mot. Dismiss 6; Answer 11.)  Plaintiff argues that Defendant waived the defense by failing to pursue it for almost three years.  North Carolina's courts have found that a defendant can waive his defense of improper venue when it is made by motion. However, our courts have not determined whether the defense of improper venue can be waived if asserted in the defendant's answer.  This question must be resolved before the Court can determine whether the forum selection clause in the parties' Employment Contract is enforceable.

{20}   The North Carolina Rules of Civil Procedure require that "[e]very defense, in law or fact, to a claim for relief in any pleading, . . . be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . [i]mproper venue . . . ." N.C.R. Civ. P. 12(b)–(b)(3).  Because "venue is not jurisdictional it may be waived by express or implied consent, . . . and a defendant's failure to press his motion to remove has been found to be a waiver." *Miller v. Miller*, 38 N.C. App. 95, 97, 247 S.E.2d 278, 279 (1978) (citing *Jones v. Brinson*, 238 N.C. 506, 78 S.E.2d 334 (1953); *Oettinger v. Hill Live Stock Co.*, 170 N.C. 152, 86 S.E. 957 (1915)).

{21}  "The North Carolina Rules of Civil Procedure are modeled after the federal rules.  In most instances they are verbatim copies with the same enumerations." *Sutton*, 277 N.C. at 99, 176 S.E.2d at 164 (citations omitted).  "'Decisions under the federal rules are thus pertinent for guidance and enlightenment in developing the philosophy of the North Carolina rules.'" *Brooks v. Giesey*, 334 N.C. 303, 317, 432 S.E.2d 339, 347 (1993) (quoting *Turner v. Duke Univ.*, 325 N.C. 152, 164, 381 S.E.2d 706, 713 (1989)).

{22}  "[T]he locality of a law suit – the place where judicial authority may be exercised – though defined by legislation [or contract] relates to the convenience of litigants and as such is subject to their disposition." *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939).  A statute or forum selection clause "'accords to the defendant a personal privilege respecting the venue, or place of suit, which he may assert, or may waive, at his election.'" *Id.* (quoting *Commercial Ins. Co. v. Stone Co.*, 278 U.S. 177, 179 (1929)).  "Being a privilege, it may be lost. It may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct." *Id.*  Accordingly, personal jurisdiction and venue are both privileges that may be waived.  *Id.* (stating that venue may be waived); *United States ex rel. Combustion Sys. Sales, Inc. v. E. Metal Prod. & Fabricators, Inc.*, 112 F.R.D. 685, 687 (M.D.N.C. 1986) (stating that "[p]ersonal defenses, such as lack of jurisdiction, may be deemed waived for failure to timely raise the defense, by formally submitting oneself to the jurisdiction of the court, or by 'submission through conduct.'" (quoting *Neirbo Co.*, 308 U.S. at 168)).

{23}  Rule 12(b) is virtually identical to its federal counterpart and both rules share the common language that "[n]o defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion."  N.C.R. Civ. P. 12(b); Fed. R. Civ. P. 12(b).  Defendant argues that this language clearly establishes that when the defense of improper venue is asserted in an answer, the defense is preserved and cannot be waived by inaction.  (Def.'s Br. Supp Mot. Dismiss 1–3.)  Because North Carolina Court's have not considered

whether a defense asserted in an answer, as opposed to a motion, can be waived by inaction, this Court has looked to federal cases for direction on this point.

{24}    In *Yeldell v. Tutt*, 913 F.2d 533 (8th Cir. 1990), the United States Eighth Circuit Court of Appeals was faced with a similar set of facts as in the present case.  In *Yeldell*, the defendants challenged personal jurisdiction in their answer but then "participated in discovery, filed various motions, participated in a five-day trial, and filed post-trial motions, all without raising the issue of personal jurisdiction or requesting a ruling on [their personal jurisdiction defense]."  *Yeldell v. Tutt*, 913 F.2d 533, 539 (1990).  It was not until the defendant's appeal that a request was made for a determination of their defense of lack of personal jurisdiction.  *Id.*

{25}    The *Yeldell* court held that while the Federal Rules of Civil Procedure "provide[] that the defense of lack of personal jurisdiction is waived if not made by motion or included in a responsive pleading[,] . . . 'this rule sets only the outer limits of waiver[ and] does not preclude waiver by implication.'"  *Id.* (quoting *Marquest Medical Prods. v. EMDE Corp.*, 496 F. Supp. 1242, 1245 n.1 (D. Col. 1980)).  The court went on to say that "[a]sserting a jurisdictional defect in an answer d[oes] 'not preserve the defense in perpetuity,'" *id.* (quoting *Burton v. Northern Duchess Hosp.*, 106 F.R.D. 477, 481 (S.D.N.Y. 1985)), and "[w]hile the [defendants] literally complied with Rule 12(h) by including the jurisdictional issue in their answer, they did not comply with the spirit of the rule, which is 'to expedite and simplify proceedings in the Federal Courts.'"  *Id.* (quoting 5A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 1342, at 162 (2d ed. 1990)).  As a result, "'a delay in challenging personal jurisdiction by motion to dismiss has resulted in waiver, even where, *as here, the defense was asserted in a timely answer*.'"  *Id.* (quoting *Datskow v. Teledyne, Inc., Continental Products Division*, 899 F.2d 1298, 1303 (2d Cir. 1990)) (emphasis added); *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) (holding that while defendants pled lack of jurisdiction in their answer, defendants had waived the defense by "fully participa[ting] in litigation of the merits for over

two-and-a-half years without actively contesting personal jurisdiction."); *see Spearman v. Sterling S.S. Co.*, 171 F. Supp. 287, 289 (E.D.Pa. 1959) (holding that defendant waived its defense of improper venue because defendant waited to file its answer asserting the defense for more than a year after the statute of limitations had passed on plaintiff's claims).

{26}    Here, Defendant timely raised the defense of improper venue in his Answer, but failed to pursue the defense for almost three years. While this Court stayed discovery in the case on August 4, 2008, the stay did not prevent Defendant from bringing and prosecuting his Application for Improper Venue. In addition, as was the case in *Spearman*, Defendant did not pursue his defense until the statute of limitations had passed on Plaintiff's claims in the forum Defendant argues is appropriate. As previously noted, "[a]sserting a jurisdictional defect in an answer d[oes] 'not preserve the defense in perpetuity,'" *Yeldell*, 913 F.2d at 539 (citation omitted). Based upon the facts of this case, the Court finds that Defendant waived his defense by not pursuing it in a timely manner.

{27}    Even if Defendant's inaction was insufficient to waive his venue defense, the Court finds that Defendant otherwise waived the defense by his conduct. Defendant stipulated in the CMR that "venue [was] proper in this action." (Jt. Case Mgmt. Report 4.) While the CMR contains the following qualifying language: "[n]othing in this Report is intended to waive any of the objections or defenses Defendant may raise," should the court give credence and value to this qualification, it would tacitly condone Defendant speaking out of both sides of his mouth by simultaneously consenting to venue while reserving the right to challenge it at a later date. The reason this Court requires a Case Management Conference and Report is to expedite and simplify proceedings before it by forcing the parties to narrow the relevant issues within a case and bring to the Court's attention any preliminary issues that may serve as procedural barriers. Business Court Rule 17.1(m) specifically requires "an identification of any disputes concerning . . . personal jurisdiction, subject matter jurisdiction, or venue." BCR 17.1(m). If the parties do not have any jurisdictional or venue disputes, they must "stipulat[e] that

no such controversies exist at the time of the Case Management Conference." *Id.* Allowing contradictory representations to the Court concerning venue would defeat the purpose of this Court's CMR requirements.

{28} Despite Defendant's attempted qualification in the CMR, his waiver was confirmed by the Court's entry of a CMO finding that venue was proper. (Case Mgmt. Order 3.) Defendant never objected to the Court's finding regarding venue; instead he proceeded to defend the case in this forum and issued no further challenges to venue until March 10, 2011, when he filed his Application for Improper Venue.

{29} In addition, after the Court entered its CMO, Defendant sought discovery by serving interrogatories and notices of deposition for both Dean Conant, a former LendingTree employee, and LendingTree, LLC. (Pl.'s Resp. Def.'s Appl. Improper Venue 3.)

{30} Therefore, the Court finds that Defendant waived his defense of improper venue by: (a) failing to pursue it for almost three years, (b) stipulation in the parties' CMR, and (c) Defendant's subsequent litigation of this action through service of interrogatories and noticing of depositions. Defendant's Application for Improper Venue is, therefore, **DENIED**. Because the Court finds that Defendant waived his defense of improper venue, the Court does not reach the question of whether the Employment Contract's forum selection clause is enforceable.

B.

PLAINTIFF'S CLAIMS UNDER THE COMPUTER FRAUD AND ABUSE ACT

{31} The Computer Fraud and Abuse Act ("CFAA") provides a private cause of action against anyone who "intentionally accesses a computer without authorization or exceeds authorized access, and . . . obtains . . . information from any protected computer if the conduct involved an interstate or foreign communication." 18 U.S.C. §§ 1030(a)(2)–(a)(2)(c) (2007).

{32} Private actions brought under section 1030(g) of CFAA can be sustained only if "the conduct involves [one] of the factors set forth in clause (i), (ii), (iii), (iv), or (v) of subsection (a)(5)(B)." 18 U.S.C. § 1030(g). The only factor under

subsection (a)(5)(B) applicable in this case is satisfied when a defendant causes "loss to 1 or more persons during any 1-year period . . . aggregating [in] at least $5,000 in value." 18 U.S.C. § 1030(a)(5)(B)(i). Loss is defined as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service . . . ." 18 U.S.C. § 1030(e)(11).

{33} Unlike the Federal Rules of Civil Procedure, North Carolina's Rule 12(b)(6) only requires notice pleading. This simply means that the "allegations of the complaint, . . . [must be] sufficient to state a claim upon which relief may be granted under some legal theory. . . ." *Harris*, 85 N.C. App. at 670, 355 S.E.2d at 840.

{34} In its Compliant, Plaintiff alleged that Defendants accessed their protected computer information without authorization, that Defendants accessed and/or downloaded passwords and customer information from locations in North Carolina, that Defendants then sold or transferred passwords to lenders in California, and that as a result, Plaintiff suffered damages in excess of $10,000 from, among other things, loss of revenue and employee time spent investigating the invasion. (Compl. ¶¶ 36–38, 42, 53–58.) Accordingly, Plaintiff has met its burden by sufficiently pleading its claim under the CFAA. Therefore, Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) is **DENIED**.

V.

PLAINTIFF'S MOTION TO AMEND

{35} After the time has passed for a party to amend his pleading as a matter of right, "'a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.'" *House of Raeford Farms, Inc. v. Raeford*, 104 N.C. App. 280, 282, 408 S.E.2d 885, 887 (1991) (quoting N.C. GEN. STAT. § 1A–1, Rule 15(a) (1990)). "A motion to amend is addressed to the sound discretion of the trial judge." *Id.* "'A ruling committed to a trial court's discretion is to be accorded great deference and

will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision.'" *Id.* (quoting *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985)). "The trial judge is not required to set forth specific reasons for denial of a motion to amend." *Id.* (citing *Chicopee, Inc. v. Sims Metal Works*, 98 N.C. App. 423, 430, 391 S.E.2d 211, 216, (1990)).

{36} In the exercise of its discretion, The Court finds that it would be in the interest of justice to allow Plaintiff to amend its Complaint. Therefore, Plaintiff's Motion to Amend is **GRANTED**, as is consistent with Plaintiff's Partial Withdrawal of its Motion for Leave to Amend Complaint.

VI.

CONCLUSION

{37} **WHEREFORE**, Defendant's Application for Improper Venue pursuant to Rule 12(b)(3) is **DENIED**, Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim for relief under the CFAA is **DENIED**, and Plaintiff's Motion for Leave to Amend Compliant is **GRANTED**.

**SO ORDERED**, this the 11th day of April, 2012.