Apex Tool Grp., LLC v. Ingersoll-Rand Co., 2013 NCBC 28

STATE OF NORTH CAROLINA

COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
12 CVS 5547

APEX TOOL GROUP, LLC,                      )
                          Plaintiff         )
                                            )
            v.                              )
                                            )
                                            )
                                            )
INGERSOLL-RAND COMPANY; TRANE              )
U.S., INC.; PAUL MERZ; KAREN FALVEY        )
and STEVE PESEK,                           )
                          Defendants        )

**OPINION AND ORDER ON MOTION
TO DISMISS
AND MOTION TO STAY ACTION**

THIS MATTER comes before the court upon Defendants Karen Falvey and

Steve Pesek's Motion to Dismiss, or in the Alternative, to Compel Arbitration and Stay

Action ("Motion to Dismiss"), Defendant Paul Merz's Motion to Dismiss or, in the

Alternative, to Compel Arbitration and Stay Action and Defendants Ingersoll-Rand Co.

and Trane U.S., Inc.'s Motion to Stay Action Pending Arbitration ("Motion to Stay")

(collectively, "Motions");[1] and

THE COURT, after reviewing the Motions, briefs and arguments in support and

opposition thereof and appropriate matters of record, FINDS and CONCLUDES that the

Motions should be GRANTED, as reflected in this Opinion and Order.

> *Mainsail Lawyers by Edward Eldred, Esq. and J. Kellam Warren, Esq. for
> Plaintiff.*

> *Womble Carlyle Sandridge & Rice, PLLC by Pressly M. Millen, Esq. and
> Meredith J. McKee, Esq. for Defendants.*

Jolly, Judge.

---

[1] The Merz Motion adopts the Motion to Dismiss and the arguments in support thereof.  Therefore, the
court will treat the Motions to Dismiss collectively.

## BACKGROUND

[1]     On April 23, 2012, Plaintiff filed its original Complaint in this action.

[2]     On June 27, 2012, Plaintiff filed its First Amended Complaint and Motions for Preliminary and Permanent Injunctions.

[3]     The Amended Complaint asserts claims for (a) breach of contract against Karen Falvey ("Falvey"), Steve Pesek ("Pesek") and Paul Merz ("Merz"), (b) tortious interference with contract against Falvey, Merz, Ingersoll-Rand Co. ("Ingersoll") and Trane U.S., Inc. ("Trane") and (c) unfair and deceptive trade practices against Falvey, Merz, Ingersoll and Trane (collectively, "Claims").[2]

[4]     The Claims arise out of employment agreements entered into by Falvey, Pesek and Merz ("Individual Defendants") and Plaintiff's predecessor in interest in March of 2008 ("Employment Agreements").[3]  The crux of the Amended Complaint is that the Individual Defendants are alleged to have violated certain restrictive covenants contained in their respective Employment Agreements by (a) accepting employment with the Employer Defendants, (b) making use of Plaintiff's confidential trade information in their roles with the Employer Defendants and (c) soliciting Plaintiff's employees to work for the Employer Defendants.[4]  Plaintiff further alleges that the Employer Defendants solicited the Individual Defendants to violate their respective Employment Agreements in this manner as part of a coordinated "raid" of Plaintiff's employees and confidential information.[5]

---

[2] The court will refer to Ingersoll and Trane, collectively, as "Employer Defendants."
[3] Am. Compl. ¶¶ 27-36.
[4] *Id.* ¶¶ 37-64.
[5] *Id.* ¶ 66.

[5]     The Employment Agreements at issue all contain a clause entitled "Governing Law and Venue" ("Forum-Selection Clause").[6]  The Forum-Selection Clause provides, in pertinent part, "[t]he parties further agree that any lawsuit under this Agreement must be brought in state or federal court in Harris County, Texas."[7]

[6]     In addition, the Employment Agreements contain a choice-of-law clause which provides that Texas law shall govern all matters of construction, enforcement and validity arising under the Employment Agreements.[8]

[7]     Finally, the Employment Agreements at issue all contain an arbitration provision ("Arbitration Clause").  The Arbitration Clause provides that, "[a]ny claim or dispute arising in connection with the Agreement which is not settled by the parties within sixty (60) days of notice thereof first being given by either party to the other shall be finally settled by arbitration (under the Employment Dispute Resolution Rules of the American Arbitration Association), and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction over it."[9]

## DISCUSSION

## Motion to Dismiss

[8]     The Motion to Dismiss seeks enforcement of the Forum-Selection Clause contained in the Employment Agreements.  The Individual Defendants contend that the Forum-Selection Clause is valid and enforceable and that, as a result, this court lacks subject-matter jurisdiction over the Claims and that venue in Wake County, North

---

[6] The Employment Agreements contain identical forum-selection clauses.
[7] Am. Compl., Ex. 1, ¶ 27.
[8] *Id.*
[9] *Id.* ¶ 23.

Carolina is improper.[10]  Accordingly, the Individual Defendants seek dismissal of all Claims pursuant to Rule 12(b)(1) and Rule 12(b)(3) of the North Carolina Rules of Civil Procedure ("Rule(s)").  In the alternative, the Individual Defendants assert that Plaintiff should be compelled to arbitrate all of its Claims against the Individual Defendants pursuant to the Arbitration Clause.[11]

[9]     As a general rule, a motion to dismiss pursuant to Rule 12(b)(3) is the proper procedure by which to seek enforcement of a contractual forum-selection clause. "In North Carolina, the proper procedure for seeking enforcement of a contractual forum or venue selection clause is a motion to dismiss for improper venue pursuant to Rule 12(b)(3)."  *LendingTree, LLC v. Anderson*, 2012 NCBC 21, ¶ 14 (N.C. Super. Ct. Apr. 11, 2012) (citing *Hickox v. R&G Grp. Int'l, Inc.*, 161 N.C. App. 510, 511 (2003)).

[10]    "Upon a motion made pursuant to Rule 12(b)(3), North Carolina courts will generally enforce a contractual forum selection clause if that clause is mandatory."  *Id.* at ¶ 15 (citing *Mark Grp. Int'l, Inc. v. Still*, 151 N.C. App. 565, 568 (2002)).  "[M]andatory forum selection clauses recognized by our appellate courts have contained words such as 'exclusive' or 'sole' or 'only' which indicate that the contracting parties intended to make jurisdiction exclusive."  *Mark Grp. Int'l, Inc.*, 151 N.C. App at 568.  A mandatory forum selection clause "designates a particular state or court as the jurisdiction in which the parties will litigate disputes arising out of the contract and their contractual relationship."  *Johnston Cnty. v. R.N. Rouse & Co.*, 331 N.C. 88, 93 (1992).

[11]    North Carolina courts have held that forum selection clauses are valid and enforceable except when compelling reasons dictate otherwise.  *Sec. Credit Leasing,*

---

[10] Ind. Def. Mem. Supp. Mot. Dismiss 5.
[11] *Id.* 9.

*Inc. v. D.J.'s of Salisbury, Inc.*, 140 N.C. App. 521, 528-29 (2000) (citing *Perkins v. CCH Computax, Inc.*, 333 N.C. 140, 146 (1992) (*superseded in part by statute*)).[12]  Further, "[a] plaintiff who executes a contract that designates a particular forum for the resolution of disputes and then files suit in another forum seeking to avoid enforcement of a forum selection clause carries a heavy burden and must demonstrate that the clause was the product of fraud or unequal bargaining power or that enforcement of the clause would be unfair or unreasonable."  *Perkins*, 333 N.C. at 146.

[12]     Similarly, Texas law holds that "[a] trial court abuses its discretion in refusing to enforce a forum-selection clause unless the party opposing enforcement of the clause can clearly show that (1) enforcement would be unreasonable or unjust, (2) the clause is invalid for reasons of fraud or overreaching, (3) enforcement would contravene a strong public policy of the forum where the suit was brought, or (4) the selection forum would be seriously inconvenient for trial."  *In re Lyon Fin. Servs.*, 257 S.W.3d 228, 231-32 (Tex. 2008).

[13]     Under Texas law, "[a] forum-selection clause is generally enforceable, and the burden of proof on a party challenging the validity of such a clause is heavy."  *Id*. at 232.  Where inconvenience in litigating in the chosen forum state is foreseeable at the time of contracting, "it should be incumbent on the party seeking to escape his contract

---

[12] The court notes that "*Perkins* has been superseded in part by statute."  *Speedway Motorsports, Int'l, Ltd. v. Brownwen Energy Trading, Ltd.*, 2009 NCBC 3, ¶ 42 (N.C. Super. Ct. Feb. 18, 2009) (citing N.C. Gen. Stat. § 22B-3 and *Szymczyk v. Signs Now Corp.*, 168 N.C. App. 182, 186 n.2 (2005)).  "The statute provides that (with limited exceptions) forum selection clauses contained in contracts entered into in North Carolina are void and unenforceable."  *Speedway,* 2009 NCBC 3, ¶ 42.  By contrast, in *Szymczyk* the court of appeals held that Section 22B-3 is inapplicable where the contract containing a forum-selection clause was formed outside of North Carolina.  Plaintiff argues that the court "should apply the Section 22B-3 prohibition against enforcing a forum selection clause to require litigation outside of North Carolina, provided the contracts were made in North Carolina."  However, Plaintiff has offered no evidence indicating where the Employment Agreements were finalized. Thus, Plaintiff has not met its initial burden of demonstrating the applicability of Section 22B-3.

to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Id.* at 234 (quoting *In re AIU Ins. Co.*, 148 S.W.3d 109, 113 (Tex. 2004)). The Supreme Court of Texas has noted that "[b]y entering into an agreement with a forum-selection clause, the parties effectively represent to each other that the agreed forum is not so inconvenient that enforcing the clause will deprive either party of its day in court, whether for cost or other reason." *Id.* "Absent proof or special and unusual circumstances . . . trial in another state is not 'so gravely difficult and inconvenient' as to avoid enforcement of an otherwise valid forum-selection clause." *Id.* (citing *In re AIU*, 148 S.W.3d at 113).

[14]    As an initial matter, the court FINDS and CONCLUDES that the Forum-Selection Clause is plain and unambiguous.  There is no uncertainty that the parties agreed to Harris County, Texas as an appropriate venue for all actions arising out of the Employment Agreements.  The court further FINDS and CONCLUDES that the Forum-Selection Clause is mandatory.  The Forum-Selection Clause provides that "any lawsuit under this Agreement *must* be brought in state or federal court in Harris County, Texas."[13]  The unambiguous provision clearly indicates that the parties intended to make jurisdiction in Harris County, Texas exclusive by use of the word "must."

[15]    Because the court has concluded that the Forum-Selection Clause is valid and mandatory, Plaintiff must meet its burden of demonstrating a compelling reason to avoid enforcement of the Forum-Selection Clause.

[16]    Plaintiff has not argued that the Forum-Selection Clause was the product of any fraud or unequal bargaining power.  Instead, Plaintiff seeks to avoid enforcement of the Forum-Selection Clause by arguing that enforcement of the clause would be

---

[13] Am. Compl., Ex. 1, ¶ 27 (emphasis added).

unfair or unreasonable, primarily because Harris County, Texas is a less convenient forum than is Wake County, North Carolina.[14]  In support of this contention, Plaintiff argues that "the forum selection clause is unreasonable because . . . none of the Parties have any remaining material connection to Texas" and that all parties either "maintain residences" or have "operations" in North Carolina or South Carolina, and therefore, "North Carolina is a more reasonable and convenient forum for all parties to resolve their claims."[15]

[17]    The fact that North Carolina may be a more convenient forum than Texas is an insufficient reason to set aside the mandatory Forum-Selection Clause.  Plaintiff has not met its burden of demonstrating that enforcement of the Forum-Selection Clause would be unfair or unreasonable.  The Employment Agreements appear to have been drafted by Plaintiff's predecessor in interest.  Harris County, Texas was selected by Plaintiff's predecessor and the Individual Defendants as the exclusive venue for matters arising out of the Employment Agreements.  The Individual Defendants do not appear to have been residents of Texas at the time they entered into the Employment Agreements, and thus the Employment Agreements appear to have anticipated that trial in Texas would require interstate travel.  In short, the Individual Defendants and Plaintiff's predecessor agreed that litigation in Texas would not be so inconvenient that enforcing the Forum-Selection Clause would deprive either party of its day in court.

[18]    As parties to the Forum-Selection Clause, the Individual Defendants have a right to seek its enforcement.  The fact that Plaintiff believes that trial in Texas will be less convenient than trial in North Carolina, a fact apparently known by the parties at the

---

[14] Pl. Suppl. Br. Opp'n Mot. Dismiss 3.
[15] *Id.*

time the Employment Agreements were entered into, should not serve as a basis to avoid the Forum-Selection Clause and deprive the Individual Defendants of their rights under their respective Employment Agreements.

[19]     Accordingly, the Motion to Dismiss for improper venue should be GRANTED.

## Motion to Stay

[20]     The Employer Defendants maintain that the Arbitration Clause is valid and enforceable and that Plaintiff's Claims against the Individual Defendants must be arbitrated.  The Employer Defendants further contend that the Claims asserted against them are intertwined with and dependent upon Plaintiff's allegations that the Individual Defendants breached their Employment Agreements and misused Plaintiff's confidential information.

[21]     The Motion to Stay argues that the court should stay litigation of Plaintiff's Claims against the Employer Defendants pending resolution of Plaintiff's Claims against the Individual Defendants.  The Employer Defendants argue that the stay is necessary to reduce the "substantial risk that the arbitration panel and court will make inconsistent findings on key issues," to "narrow the scope and expense of litigation," and to "prevent Plaintiff from circumventing the arbitration clause."[16]

[22]     Plaintiff opposes the Motion to Stay, arguing that the Employer Defendants have not met their burden of proving hardship or inequity if required to go forward without a stay, and therefore, the Motion to Stay should be denied.[17]

---

[16] Emp'r Defs. Mot. Stay ¶¶ 5-6.
[17] Pl. Br. Opp'n. Mot. Stay 4.

[23]     As an initial matter, the court FINDS that the Arbitration Clause contained in the Employment Agreements at issue is unambiguous, straightforward and its validity is not contested by the parties.  The court CONCLUDES that the Arbitration Clause is valid and enforceable and covers the Claims stated in this action by Plaintiff.  Therefore, Plaintiff must arbitrate its Claims against the Individual Defendants in accordance with the Arbitration Clause.[18]

[24]     The Claims asserted against the Individual Defendants arise from the same set of allegations as those asserted against the Employer Defendants.  Plaintiff maintains that the Individual Defendants, with the assistance of the Employer Defendants, unlawfully raided Plaintiff's employees and appropriated confidential trade information.  Plaintiff's Claims of tortious interference with contract and unfair and deceptive trade practices against the Employer Defendants, as alleged, cannot be shown without demonstrating that the Individual Defendants committed an underlying wrong.

[25]     Because of the intertwined nature of the Claims, the court FINDS and CONCLUDES that there exists a likelihood of logically incompatible outcomes as against the two sets of Defendants if Plaintiff's Claims against the Employer Defendants are not stayed pending prior resolution of Plaintiff's Claims against the Individual Defendants.  A stay pending arbitration in this action will reduce the likelihood that the arbitration panel and trial court will reach inconsistent determinations on whether the

---

[18] Given the court's conclusion that the Forum-Selection Clause contained in the Employment Agreements is valid and enforceable and the court's decision to grant the Motion to Dismiss for that reason, the court concludes that it is without authority to compel arbitration of Plaintiff's Claims against the Individual Defendants.

Individual Defendants breached the Employment Agreements or are otherwise liable to Plaintiff.

[26]     Further, an arbitration decision adverse to Plaintiff's Claims alleged against the Individual Defendants could be fatal to Plaintiff's claims against the Employer Defendants in so far as Plaintiff would be prevented "from re-litigating an issue . . . previously litigated unsuccessfully in another action against a different party." *Rymer v. Estate of Sorrells*, 127 N.C. App. 266, 268-69 (1997) (discussing effect of defensive collateral estoppel) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)).  Here, the Employment Agreements contemplate that any arbitration decision will be entered as a final judgment, thus potentially preventing Plaintiff from litigating against the Employer Defendants issues unsuccessfully brought before the arbitrator.[19]  Accordingly, the court concludes it is appropriate to allow the Claims against the Individual Defendants first to be addressed in arbitration before moving forward with Plaintiff's claims against the Employer Defendants.

[27]     The court CONCLUDES therefore that Plaintiff's Claims against the Employer Defendants are inherently dependent upon the outcome of the Claims against the Individual Defendants, and that the interest in avoiding inconsistent findings is sufficient reason for the court to GRANT the Employer Defendants' Motion to Stay.

NOW THEREFORE, based upon the foregoing FINDINGS and CONCLUSIONS, it hereby is ORDERED that:

[28]     Defendants Karen Falvey and Steve Pesek's Motion to Dismiss or, in the Alternative, to Compel Arbitration and Stay Action is GRANTED.  With regard to said

---

[19] The Employment Agreements expressly provide that any dispute arising from the Employment Agreement "shall be finally settled by arbitration," and that "judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction over it."  Am. Compl., Ex. 1, ¶ 23.

Defendants, this civil action is DISMISSED.  This dismissal is without prejudice to the rights of Plaintiff to seek arbitration in an appropriate forum of its Claims against Defendants Falvey and Pesek.

[29]    Defendant Paul Merz's Motion to Dismiss or, in the Alternative, to Compel Arbitration and Stay Action is GRANTED.  With regard to said Defendant, this civil action is DISMISSED.  This dismissal is without prejudice to the rights of Plaintiff to seek arbitration in an appropriate forum of its Claims against Defendant Merz.

[30]    Employer Defendants' Motion to Stay Action Pending Arbitration is GRANTED.  With regard to Plaintiff's Claims against the Employer Defendants, this civil action is STAYED pending outcome of any arbitration proceedings between Plaintiff and the Individual Defendants.

This the 14th day of May, 2013.