INTERNET EAST, INC., STEVEN I. COHEN, AND ANTONIO MARIE, III, PLAINTIFF-APPELLEES v. DURO COMMUNICATIONS, INC., DEFENDANT-APPELLANT

No. COA00-1154

(Filed 2 October 2001)

**1. Appeal and Error— appealability—denial of arbitration**

An order denying arbitration was interlocutory but immediately appealable because it involved a substantial right which might be lost if appeal was delayed.

**2. Arbitration and Mediation— license agreement—arbitration clause—mandatory**

The trial court erred by interpreting an arbitration provision as permissive rather than mandatory where the provision stated that "Unless the parties shall agree otherwise, all claims, disputes and other matters . . . shall be decided by arbitration . . . ." The plain meaning of the phrase is that all claims, disputes, and other matters shall be arbitrated unless the parties form a contrary agreement.

**3. Arbitration and Mediation— license agreement—arbitration and forum selection clauses—not inconsistent**

The trial court erred by denying a motion to stay proceedings and compel arbitration where a forum selection clause and an arbitration provision in a license agreement did not conflict. Both North Carolina and federal statutes authorizing arbitration contemplate that the courts will retain jurisdiction, so that there is nothing inherently inconsistent in an agreement with both clauses, and the agreement in these cases may be interpreted as triggering the forum selection clause only when a court is needed to intervene and when the parties have agreed to take a particular dispute to court rather than to arbitration.

Appeal by defendant from judgment entered 30 August 2000 by Judge Clifton W. Everett, Jr., in Pitt County Superior Court. Heard in the Court of Appeals 23 August 2001.

*McLawhorn & Associates, by Charles L. McLawhorn, Jr., for plaintiff-appellees.*

*Harris, Shields, Creech and Ward, P.A., by C. David Creech, W. Gregory Merritt; and Goodwin Procter, LLP, by Anthony S. Fiotto, for defendant-appellant.*

MARTIN, Judge.

Defendant appeals from the trial court's order allowing plaintiffs' motion to stay arbitration and denying defendant's motion to compel arbitration and to stay proceedings. Based upon the record before us, it appears that on 25 May 1998, plaintiffs Steven I. Cohen and Antonio Marie, III, entered into a pre-incorporation agreement in which they agreed to form the corporation known as "Internet East, Inc." Their business was to involve the operation of an internet access provider

service, computer sales and services, and other computer and internet related services. As part of setting up the company, on 1 June 1998, Marie executed a license agreement with Internet of Greenville, Inc. (Licensor), an internet provider in Pitt County, North Carolina, under the name of "Internet of New Bern" (Licensee). According to the license agreement, Internet of New Bern licensed from Internet of Greenville, Inc., "the entire right, title and interest in and to the trade name and other related proprietary marks of Internet of Greenville, Inc." In addition, the license agreement states that Internet of New Bern "wish[ed] to obtain a license from Licensor for the purpose of operating an Internet access, electronic mail and personal web page services business within a defined and limited territory as set forth herein, with the use of Licensor's unique system, trade names and marks." Since the parties contemplated that Internet of Greenville, Inc., would license the trade names to other companies, the parties agreed that Internet of New Bern would have the exclusive right to the trade name only within a defined geographic area. In addition, the Agreement provides that the ". . . Licensee agrees that Licensor shall be its exclusive provider of Internet access, electronic mail and electronic news facilities and services." Thereafter, the license agreement was assigned from Internet of New Bern to plaintiff Internet East, Inc.

The license agreement contains both an arbitration provision and a forum selection clause. The forum selection clause is found in paragraph 17.01 of the agreement and states in relevant part:

> . . . The parties herewith stipulate that the State courts of North Carolina shall have sole jurisdiction over any disputes which arise under this agreement or otherwise regarding the parties hereto, and that venue shall be proper and shall lie exclusively in the Superior Court of Pitt County, North Carolina.

In paragraph 17.04 of the agreement, the arbitration clause states:

> Unless the parties shall agree otherwise, all claims, disputes and other matters in question between the parties that arise out of or are related to this Agreement or the breach hereof, shall be decided by arbitration in accordance with the Commercial Rules of the American Arbitration Association then obtaining. The foregoing agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and a judgment may be entered upon it

in accordance with applicable law in any court having jurisdiction thereof . . . .

Defendant Duro Communications, Inc. (Duro), was organized in 1999 in the State of Delaware and obtained a certificate of authority to operate in the State of North Carolina. Duro operates an internet subscriber and network access business in various parts of North Carolina and elsewhere in the United States. In 1999, Duro acquired the assets of Internet of Greenville, Inc., and assumed the assignment of the license agreement between Internet of Greenville, Inc. and Internet East, Inc. Prior to acquiring Internet of Greenville, Inc., Duro had purchased CoastalNet, Inc., which is another internet subscriber company.

According to plaintiffs, when Duro acquired CoastalNet's assets, it became a competitor of Internet East and that when Duro acquired Internet of Greenville's assets, it inherited an obligation not to compete with Internet East within the designated territory. Consequently, on 2 March 2000 plaintiffs filed a lawsuit in Pitt County Superior Court alleging, among other things, that Duro, as Licensor, violated the license agreement based on the alleged competition. Duro removed the action to federal court and filed a demand for arbitration and motion to dismiss plaintiffs' complaint. On 6 June 2000, the United States District Court for the Eastern District of North Carolina held that removal was improper because the court lacked jurisdiction over the dispute due to the forum selection clause contained in the license agreement. The case was remanded to superior court.

On 12 June 2000, plaintiffs filed an amended complaint and on 22 June 2000, they filed a motion to stay arbitration. Defendant filed a motion to stay the proceedings and compel arbitration on 31 July 2000. On 30 August 2000, the trial court granted plaintiffs' motion to stay arbitration and denied defendant's motion to stay the proceeding and compel arbitration. The trial court concluded that the language of the arbitration and forum selection clauses were in conflict and that the preface phrase in paragraph 17.04 of arbitration provision which reads, "Unless the parties shall agree otherwise" demonstrates the parties' intent to render the otherwise mandatory language of paragraph 17.04 of the license agreement permissive and non-mandatory. The court held that the forum selection clause nullified the arbitration provision and as a result, the license agreement did not contain a viable arbitration agreement. Therefore, the trial court concluded that plaintiffs had a common law right to litigation pursuant to the

North Carolina Constitution and Section 1-2 of the North Carolina General Statutes. Defendant appeals.

---

Defendant contends the trial court erred in allowing plaintiffs' motion to stay arbitration and in denying defendant's motion to stay the proceedings and compel arbitration. Defendant argues that the arbitration and forum selection clauses do not irreconcilably conflict; therefore, both provisions can and should be given effect. Further, defendant contends that its motion to stay the proceedings and compel arbitration should have been granted in accordance with the arbitration provision of the license agreement. For the following reasons, we reverse the trial court's order.

**[1]** Initially, we note that the order from which defendant appeals is not a final judgment; rather it is interlocutory. *Veazey v. Durham*, 231 N.C. 357, 57 S.E.2d 377 (1950). Generally, interlocutory orders are not appealable. However, an "order denying arbitration, although interlocutory, is immediately appealable because it involves a substantial right which might be lost if appeal is delayed." *Prime South Homes v. Byrd*, 102 N.C. App. 255, 258, 401 S.E.2d 822, 825 (1991). Therefore, this appeal is properly before us. Our standard of review is *de novo* since the order appealed from is based upon contract interpretation and therefore presents a question of law. *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 474 (9th Cir. 1991), *cert. denied*, 503 U.S. 919, 117 L. Ed. 2d 516 (1992).

**[2]** The trial court concluded that the prefatory phrase of the arbitration provision which reads, "Unless the parties shall agree otherwise, all claims, disputes and other matters . . . shall be decided by arbitration . . ." demonstrated the parties' intent to render the arbitration provision permissive and non-mandatory. We believe this conclusion was reached in error.

"Where the terms of a contractual agreement are clear and unambiguous, the courts cannot rewrite the plain meaning of the contract." *Montgomery v. Montgomery*, 110 N.C. App. 234, 238, 429 S.E.2d 438-39, 441 (1993). In addition, when a court construes a contract, it must give ordinary words their ordinary meanings. *Biggers v. Evangelist*, 71 N.C. App. 35, 321 S.E.2d 524 (1984), *disc. review denied*, 313 N.C. 327, 329 S.E.2d 384 (1985). The plain meaning of the prefatory phrase of the arbitration provision is that unless the parties form a contrary agreement, all claims, disputes, and other matters "shall" be arbitrated. The word "shall" is defined as "must" or "used in laws, regula-

tions, or directives to express what is mandatory." Webster's Collegiate Dictionary 1081 (9th ed. 1991). The word "unless" is defined as "except on the condition that" or "under any other circumstances than." *Id.* at 1292. Therefore, the arbitration provision should be interpreted as arbitration is "mandatory" "except on condition that" the parties "agree otherwise."

Plaintiffs argue that the parties to the contract had already otherwise agreed to the sole jurisdiction of the state courts by including the forum selection clause in paragraph 17.01 of the license agreement. However, we find this argument unpersuasive. A stronger, more logical course of reasoning is that the parties intended for both the forum selection clause and the arbitration provision to be given effect. The parties must have considered the two provisions together since they were both located on the same page and within the same Article of the license agreement. In addition, if, when drafting the contract, the parties had "agree[d] otherwise," it is unlikely that they would have included a superfluous arbitration provision which was to be given no effect. Thus, we hold the trial court erred in interpreting the arbitration provision as permissive rather than mandatory.

[3] After determining that the arbitration provision is mandatory unless the parties otherwise agree, we must turn to the issue of whether the arbitration provision and the forum selection clause conflict. It is well established that "each and every part of the contract must be given effect if this can be done by any fair or reasonable interpretation; and it is only after subjecting the instrument to this controlling principle of construction that a subsequent clause may be rejected as repugnant and irreconcilable." *Davis v. Frazier*, 150 N.C. 447, 451, 64 S.E. 200, 201-02 (1909). In the present case, the arbitration provision and the forum selection clause may be given effect without conflict.

First, an arbitration provision and a forum selection clause are not inherently in conflict. The arbitration process does not operate completely free of involvement from the courts since both state and federal arbitration statutes contemplate that courts will retain limited jurisdiction over disputes being arbitrated. Under North Carolina's Uniform Arbitration Act (UAA), N.C. Gen. Stat. §§ 1-567.1 to 1-567.20, an arbitration provision may be used to limit but not exclude judicial intervention in their disputes. *Henderson v. Herman*, 104 N.C. App. 482, 409 S.E.2d 739 (1991), *disc. review denied*, 330 N.C. 851, 413 S.E.2d 551 (1992). The UAA "provides parties with a means to bypass

the morass of judicial litigation, while still maintaining the judicial doors ajar for recalcitrant disputes." *Id.* at 485, 409 S.E.2d at 741. When an arbitration agreement exists, the court still has jurisdiction to enforce the agreement and to enter judgment on an award resulting from arbitration. N.C. Gen. Stat. § 1-567.17.

Likewise, the Federal Arbitration Act also provides for courts to maintain jurisdiction over disputes in arbitration. For instance, the FAA provides for courts to maintain jurisdiction over motions to compel or stay arbitration and to confirm, vacate, or modify arbitration awards. *See* 9 U.S.C. §§ 3, 4, 9, 10, and 11. Therefore, since both statutes authorizing parties to resolve their disputes by arbitration contemplate that the courts will retain limited jurisdiction, there is nothing inherently inconsistent in an agreement that contains both an arbitration provision and a forum selection clause.

Moreover, the particular arbitration provision and forum selection clause at issue in this case are not inconsistent. As stated earlier, both provisions must be given effect if this can be done by a fair or reasonable interpretation. *Davis*, 150 N.C. at 451, 64 S.E. at 201-02. In addition, "contract provisions should not be construed as conflicting unless no other reasonable interpretation is possible." *Lowder, Inc. v. Highway Comm.*, 26 N.C. App. 622, 639, 217 S.E.2d 682, 693, *cert. denied*, 288 N.C. 393, 218 S.E.2d 467 (1975).

Applied to the facts of this case, under a reasonable interpretation of the licensing agreement, the two provisions do not conflict. The forum selection clause should be read to be triggered only when a court is needed to intervene for those judicial matters that arise from arbitration and when the parties have agreed to take a particular dispute to court instead of resolving it by arbitration. For instance, if a dispute arose and the parties agreed to take the dispute to court instead of placing it in arbitration, the dispute could only be heard by the state courts located in Pitt County, North Carolina. If there were no agreement to take the dispute to court, the parties would be required to resolve the dispute through arbitration. If the dispute were arbitrated, the state courts in Pitt County, North Carolina would have jurisdiction to enforce both the agreement to arbitrate and the arbitration award. Such an interpretation would give effect to both the arbitration provision and the forum selection clause. In addition, the arbitration provision itself provides that the parties may resort to courts for certain issues, such as the enforcement of the arbitration agreement and confirming an arbitration award as a judgment. The

arbitration clause's allusion to the parties' resorting to a judicial forum is further evidence that the parties intended the clauses to be read together with no inconsistency.

Plaintiffs contend our Supreme Court's decision in *Johnston County v R. N. Rouse & Co., Inc.*, 331 N.C. 88, 414 S.E.2d 30 (1992), implies that an arbitration provision should be found to be in conflict with a true forum selection clause, such as the one contained in the license agreement at issue here. We conclude that *Rouse* does not control the outcome of this case. In *Rouse*, the issue was whether a consent to jurisdiction clause and an arbitration provision conflicted. In its analysis, the Court focused on the distinction between a consent to jurisdiction and a forum selection clause. The Court determined that the clause in question was a consent to jurisdiction clause and not a true forum selection clause. The Court held that the agreement to arbitrate was not obviated by the consent to jurisdiction provision.

Plaintiffs suggest that if the provision in *Rouse* had been a true forum selection clause, then the arbitration provision would have been nullified. We are not persuaded by this argument. First, the *Rouse* Court never specifically stated how it would have ruled if the provision had been a true forum selection clause. The Court simply was not faced with that issue and therefore did not rule on it. Moreover, even if such an inference could be drawn from *Rouse*, the issue in the principal case would not necessarily be answered since the proper resolution of this case depends on the particular language used by the parties in their contract, and the location in the contract of the two provisions at issue.

Finally, we are further persuaded to interpret the contract in a manner that gives effect to the arbitration provision by North Carolina's strong public policy favoring the settlement of disputes by arbitration and requiring that the courts resolve any doubts concerning the scope of arbitrable issues in favor of arbitration. *Rouse* at 91, 414 S.E.2d at 32.

We conclude that the forum selection clause and the arbitration provision do not conflict under a reasonable interpretation of the license agreement. In addition, North Carolina has a strong public policy favoring the settlement of disputes by arbitration. Therefore, both provisions should be given effect. We reverse the trial court's order denying defendant's motion to stay the proceedings and compel arbitration and allowing plaintiffs' motion to stay arbitration.

**NORTON v. WASTE MGMT., INC.**

[146 N.C. App. 409 (2001)]

Reversed.

Judges McCULLOUGH and BIGGS concur.