MARK GROUP INTERNATIONAL, INC., PLAINTIFF v. JAMES STILL AND NORTHSTAR
COMMODITIES, CORP., DEFENDANTS

No. COA01-1262

(Filed 16 July 2002)

**Venue— motion to dismiss—contract provision—exclusive language required for mandatory selection clause**

The trial court did not abuse its discretion in a breach of contract, breach of fiduciary duty, and constructive fraud case by denying defendants' motion to dismiss based on improper venue even though the contract of the parties stated that disputes "shall finally be settled, and the undersigned hereby submits itself to the jurisdiction of the 13th Judicial District Court of Hillsborough County Florida U.S.A. in order to resolve any such dispute," because: (1) the general rule is that when a jurisdiction is specified in a provision of a contract, the provision generally will not be enforced as a mandatory selection clause without some further language that indicates the parties' intention to make jurisdiction exclusive; and (2) the contract provision in this case simply allows or permits the parties to air their particular disputes in a particular jurisdiction or court without requiring them to do so.

Appeal by defendants from order entered 23 July 2001 by Judge Lindsay R. Davis, Jr., Superior Court, Forsyth County. Heard in the Court of Appeals on 12 June 2002.

*McCall Doughton Blancato & Hart PLLC by Thomas J. Doughton and William A. Blancato, for plaintiff-appellant.*

*Burton & Sue, L.L.P., by Gary K. Sue and Stephanie W. Anderson for defendants-appellants.*

WYNN, Judge.

The parties to this appeal are Defendants Northstar Commodities Corporation (a North Carolina Corporation with its principal office in Forsyth County) and James Still (the sole shareholder of Northstar Commodities) and Plaintiff Mark Group International (a Kentucky corporation with its principal place of business in Fort Mitchell, Kentucky).

The issue on appeal is whether a clause in their contract prohibits the parties from filing a contract dispute action in North Carolina. We

answer no, and therefore uphold the trial court's denial of defendants' motion to dismiss based on improper venue.

In their 1997 Purchase and Sales Contract for the purchase and delivery of cigarettes, the parties included a clause stating:

21—Disagreement or Dispute:

The parties shall attempt to amicably settle any disagreement or dispute which may arise between them. In *the case said dispute cannot be settled amicably then it shall finally be settled, and the undersigned hereby submits itself to the jurisdiction of the 13th Judicial District Court of Hillsborough County Florida U.S.A.* in order to resolve any such dispute.

In November 2000, plaintiff brought a contract action in Forysth County, North Carolina against defendants seeking damages for breach of contract, breach of fiduciary duty/constructive fraud, and conversion. Defendants answered and moved to dismiss the action based on improper venue. Following the trial court's denial of that motion, defendants appealed to this Court.[1]

We employ the abuse-of-discretion standard to review a trial court's decision concerning clauses on venue selection. *See Cox v. Dine-A-Mate, Inc.*, 129 N.C. App. 773, 776, 501 S.E.2d 353, 355 (1998) (holding that "because the disposition of such cases is highly fact-specific, the abuse-of-discretion standard is the appropriate standard of review."). Under the abuse-of-discretion standard, we review to determine whether a decision is manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision. *Id.*

In general, there are three kinds of provisions used by contracting parties to avoid litigation concerning jurisdiction and governing laws: 1) a choice of law provision, which names a particular state and provides that the substantive laws of that jurisdiction will be used to determine the validity and construction of the contract, regardless of

---

1. This appeal from the denial of that motion is clearly interlocutory; nonetheless, it is properly before us because our case law establishes firmly that an appeal from a motion to dismiss for improper venue based upon a jurisdiction or venue selection clause dispute deprives the appellant of a substantial right that would be lost. *See L.C. Williams Oil Co. v. NAFCO Capital Corp.*, 130 N.C. App. 286, 288, 502 S.E.2d 415, 416 (1998); *accord Perkins v. CCH Computax, Inc.*, 106 N.C. App. 210, 212, 415 S.E.2d 755, 757, *reviewed on other grounds*, 332 N.C. 149, 419 S.E.2d 574, *decision reversed on other grounds*, 333 N.C. 140, 423 S.E.2d 780 (1992); *Appliance Sales & Service v. Command Elec. Corp.*, 115 N.C. App. 14, 443 S.E.2d 784 (1994).

any conflicts between the laws of the named state and the state in which the case is litigated; 2) a consent to jurisdiction provision, which concerns the submission of a party or parties to a named court or state for the exercise of personal jurisdiction over the party or parties consenting thereto. By consenting to the jurisdiction of a particular court or state, the contracting party authorizes that court or state to act against him; and 3) a forum selection provision, which goes one step further than a consent to jurisdiction provision by designating a particular state or court as the jurisdiction in which the parties will litigate disputes arising out of the contract and their contractual relationship. *See Johnston County v. R.N. Rouse & Co., Inc.*, 331 N.C. 88, 92-93, 414 S.E.2d at 30, 33 (1992); *Corbin Russwin, Inc. v. Alexander's Hardware, Inc.*, 147 N.C. App. 722, 726-27, 556 S.E.2d 592, 596 (2001) ("To summarize, a forum selection clause designates the venue, a consent to jurisdiction clause waives personal jurisdiction and venue, and a choice of law clause designates the law to be applied.").

In *Johnston County v. R.N. Rouse & Company*, our Supreme Court recognized that due to the varying language used by parties drafting these clauses and the tendency to combine such clauses in one contractual provision, the courts have often confused the different types of clauses.

One commentator recognizing this confusion has offered the following guidance:

A typical forum-selection clause might read: "[B]oth parties agree that only the New York Courts shall have jurisdiction over this contract and any controversies arising out of this contract." . . .

A . . . "consent to jurisdiction" clause[ ] merely specifies a court empowered to hear the litigation, in effect waiving any objection to personal jurisdiction or venue. Such a clause might provide: "[T]he parties submit to the jurisdiction of the courts of New York." Such a clause is "permissive" since it allows the parties to air any dispute in that court, without requiring them to do so.

. . . A typical choice-of-law provision provides: "This agreement shall be governed by, and construed in accordance with, the law of the State of New York."

Leandra Lederman, Note, *Viva Zapata!: Toward a Rational System of Forum-Selection Clause Enforcement in Diversity Cases,* 66 N.Y.U.L. Rev. 422, 423 n. 10 (1991) (citations omitted).

*Johnston County v. R.N. Rouse & Co., Inc.,* 331 N.C. at 93-94, 414 S.E.2d at 33.

Defendants in this case argue that since the parties specified a particular court under their contract clause, the trial court erred in not recognizing it as a mandatory forum selection clause. However, the general rule is when a jurisdiction is specified in a provision of contract, the provision generally will not be enforced as a mandatory selection clause without some further language that indicates the parties' intent to make jurisdiction exclusive. *See, e.g., S&D Coffee, Inc. v. GEI Auto Wrappers,* 995 F. Supp. 607, 610 (M.D. N.C. 1997). Indeed, mandatory forum selection clauses recognized by our appellate courts have contained words such as "exclusive" or "sole" or "only" which indicate that the contracting parties intended to make jurisdiction exclusive. *See Internet East, Inc. v. Duro Communications, Inc.,* 146 N.C. App. 401, 403, 553 S.E.2d 84, 86 (2001) ("The parties . . . stipulate that the State Courts of North Carolina shall have sole jurisdiction . . . and that venue shall be proper and shall lie exclusively in the Superior Court of Pitt County, North Carolina."); *Appliance Sales & Service, Inc. v. Command Elec. Corp.,* 115 N.C. App. 14, 23, 443 S.E.2d 784, 790 (1994) ("the Courts in Charleston County, South Carolina shall have exclusive jurisdiction and venue,"); *Perkins v. CCH Computax,* 333 N.C. 140, 141, 423 S.E.2d 780, 781 (1992) ("Any action relating to this Agreement shall only be instituted . . . in courts in Los Angeles County, California.").

In contrast, although the contract provision in this case contains the name of a court, it does not contain further language to indicate that it is a mandatory jurisdiction clause. Notably, the provision directs only that disagreements and disputes "shall finally be settled," not that 13th Judicial District Court of Hillsborough County Florida shall have "sole" or "exclusive" jurisdiction.

In sum, we hold that the contract provision in this case simply allows or permits the parties to air their particular disputes in a particular jurisdiction or court without requiring them to do so. *See Johnston County v. R.N. Rouse & Co., Inc.* Accordingly, we conclude that the trial court did not abuse its discretion in denying defendants' motion to dismiss based on improper venue.

Affirmed.

Judges HUDSON and CAMPBELL concur.