GARY L. DAVIS, CPA, P.A., Plaintiff v. ANGELA W. HALL, Defendant

No. COA12-254

(Filed 16 October 2012)

**Venue—breach of covenant not to compete—waiver or objection to venue**

The trial court did not abuse its discretion in a breach of covenant not to compete case by denying defendant's motion for change of venue. A portion of the employment agreement between plaintiff and defendant constituted a waiver of an objection to Guilford County as a proper venue and defendant agreed to the contract.

Appeal by Defendant from order entered 7 December 2011 by Judge A. Robinson Hassell in Guilford County Superior Court. Heard in the Court of Appeals 28 August 2012.

*Carruthers & Roth, P.A., by Rachel S. Decker, for Plaintiff-Appellee.*

*Doran, Shelby, Pethel & Hudson, P.A., by Michael Doran, for Defendant-Appellant.*

BEASLEY, Judge.

Angela W. Hall (Defendant) appeals from an order denying her Motion to Change Venue entered 7 December 2011. For the following reasons, we affirm.

Gary L. Davis, CPA, P.A. (Plaintiff) is a North Carolina corporation organized to provide accounting services. Its principal place of business is located in Rowan County, North Carolina. Defendant was previously employed by Plaintiff and is also a resident of Rowan County. Plaintiff's action, alleging breach of an employment agreement's covenant not to compete, was filed in Guilford County on 3 November 2011. The basis for Plaintiff's filing in Guilford County arises from a portion of the employment agreement between the parties:

> This Agreement shall be construed and enforced in accordance with and governed by the laws of the State of North Carolina. The Professional agrees that if any cause of action or claim for damages is brought by or on behalf of the Company against the Professional for breach of any of the covenants or promises of the Professional hereunder, the Professional will not assert as a defense or as a bar to such action or claim the absence or lack of personal jurisdiction over the Professional of any court selected by the Company, including, but not limited to, the Superior Court of Guilford County, North Carolina.

In lieu of an answer, Defendant filed her Motion to Change Venue on 8 November 2011. Defendant appeals the trial court's denial of this motion.

The issue on appeal is whether the above portion of the employment agreement constitutes a waiver of an objection to Guilford County as a proper venue. Defendant contends that Guilford County is not a proper venue and that the agreement does not even address venue but pertains solely to personal jurisdiction. We disagree.

"We employ the abuse-of-discretion standard to review a trial court's decision concerning clauses on venue selection. . . . Under the abuse-of-discretion standard, we review to determine whether a decision is manifestly unsupported by reason, or so arbitrary that it could

not have been the result of a reasoned decision." *Mark Grp. Int'l, Inc. v. Still,* 151 N.C. App. 565, 566, 566 S.E.2d 160, 161 (2002) (citation omitted).

Defendant first contends that Guilford County is not a proper venue. An order denying a motion for change of venue, despite being interlocutory, is immediately appealable as it affects a substantial right where the venue is improper. *Caldwell v. Smith,* 203 N.C. App. 725, 727, 692 S.E.2d 483, 484 (2010). In North Carolina, venue is proper where either party resides. N.C. Gen. Stat. § 1-82 (2011). Domestic corporations, those formed under the laws of North Carolina, reside where the principal place of business is located. N.C. Gen. Stat. § 1-79(a)(1), (b)(1) (2011). Where venue is improper, a defendant must demand a change of venue in writing before the time to answer the complaint expires. N.C. Gen. Stat. § 1-83 (2011). Here, neither Plaintiff nor Defendant resides in Guilford County; both are residents of Rowan County, North Carolina. There is no evidence that any of the claims arose in Guilford County. Thus, absent an agreement to the contrary, Guilford County is not a proper venue to hear this case.

Defendant next argues that the employment agreement does not provide for venue in Guilford County. Defendant and Plaintiff both correctly assert that the clause in the employment agreement is not a forum selection clause. Our Supreme Court has previously recognized three distinct agreements used by contracting parties to clarify applicable law, jurisdiction, and venue: choice of law clauses, consent to jurisdiction clauses, and forum selection clauses. *Johnston County v. R.N. Rouse & Co.,* 331 N.C. 88, 92–93, 414 S.E.2d 30, 33 (1992). Choice of law clauses specify which state's substantive laws will apply to any arising disputes. *Id.* Consent to jurisdiction clauses grant a particular state or court personal jurisdiction over those consenting to it, "authoriz[ing] that court or state to act against him." *Id.* at 93, 414 S.E.2d at 33 (citation omitted). "A third type, a true forum selection provision, goes one step further than a consent to jurisdiction provision. A forum selection provision designates a particular state or court as the jurisdiction in which the parties will litigate disputes arising out of the contract and their contractual relationship." *Id.* (citation omitted). In light of this precedent, this Court summarized the distinction: "[A] forum selection clause designates the venue, a consent to jurisdiction clause waives personal jurisdiction and venue, and a choice of law clause designates the law to be applied." *Corbin Russwin, Inc. v. Alexander's Hardware, Inc.,* 147 N.C. App. 722, 726–27, 556 S.E.2d 592, 596 (2001).

Forum selection clauses are recognized where there is some evidence of "the parties' intent to make jurisdiction exclusive." *Mark Grp.*, 151 N.C. App. at 568, 566 S.E.2d at 162. Language in the agreement such as "exclusive" or "sole" or "only" is suggestive of the parties' intent. *Id.* In the absence of such language, the clause is viewed as permissive, consistent with a consent to jurisdiction clause. *See id.*

The term "jurisdiction" in a consent to jurisdiction clause always and necessarily describes personal jurisdiction. This is because personal jurisdiction is the only type of jurisdiction to which the parties may consent; the court's subject matter jurisdiction, in contrast, cannot be waived. *Leach v. Railroad*, 65 N.C. 486, 487 (1871) ("Where it is a question of the jurisdiction of the Court over the subject matter, the consent of the parties cannot give jurisdiction."). Thus, parties need not specify that the jurisdiction waived in a consent to jurisdiction clause is "personal," as that much is implied and obvious. Inclusion of the word "personal" in this context is mere surplusage and does not detract from the provision's function as a consent to jurisdiction clause waiving both jurisdiction and venue.

Here, the agreement does not contain the necessary restrictive language to rise to the level of a forum selection clause. Instead, the agreement merely states "the Professional will not assert . . . lack of personal jurisdiction" with regard to *any* court chosen by Plaintiff. There is no agreement to consent to the exclusive jurisdiction of any one court. Thus, the agreement is permissive and is a consent to jurisdiction clause. Consequently, it serves to waive objections to both personal jurisdiction and venue. Because Defendant agreed to this consent to jurisdiction clause, the trial court was correct in finding Guilford County is a proper venue to hear this case. For the above stated reasons, we affirm.

Affirmed.

Judges MCGEE and THIGPEN concur.