CAPITAL BANK, N.A., PLAINTIFF
v.
JULIAN E. CAMERON AND ALFRED B. COOPER, JR., DEFENDANTS

No. COA13-696

Filed 17 December 2013

1. **Appeal and Error—interlocutory orders and appeals—venue selection clause—substantial right**

    Defendants appeal was interlocutory but a substantial right was affected because the appeal involved a venue selection clause.

2. **Venue—selection clause—not exclusive**

    The trial court did not abuse its discretion by finding that venue was proper in Wake County, where plaintiff had its principal place of business, rather than exclusively in Alamance County, as specified in a clause in loan documents. The plain and unambiguous language of the guaranty agreement contained a mandatory forum selection

**CAPITAL BANK, N.A. v. CAMERON**

[231 N.C. App. 326 (2013)]

clause with respect to personal jurisdiction and a permissive consent to jurisdiction clause with respect to venue. While both clauses appeared together in the same sentence, "exclusive" modified the parties' agreement as to personal jurisdiction, not venue.

Appeal by defendant from order entered 29 November 2012 by Judge G. Wayne Abernathy in Wake County Superior Court. Heard in the Court of Appeals 6 November 2013.

*Williams Mullen, by Gilbert C. Laite, III and Kelly Colquette Hanley, for plaintiff-appellee.*

*Manning, Fulton & Skinner, P.A., by Michael S. Harrell, for defendant-appellant.*

HUNTER, JR., Robert N., Judge.

Defendant Alfred B. Cooper, Jr. ("Defendant") appeals from an order denying his motion to dismiss under Rule 12(b)(3) of the North Carolina Rules of Civil Procedure for improper venue.[1] Defendant contends that contractual language effective between the parties limits venue exclusively to Alamance County. Thus, because the instant action was filed in Wake County, Defendant contends that the trial court erred in denying his Rule 12(b)(3) motion. We disagree and affirm the trial court's order.

## I. Factual & Procedural History

On 24 May 2012, Plaintiff Capital Bank, N.A. ("Plaintiff") filed a complaint in Wake County Superior Court seeking to collect on an alleged deficiency owed by Defendants after a foreclosure sale failed to satisfy the underlying debt. The facts as alleged in the complaint are as follows.

Plaintiff is a national association organized under the laws of the United States with a principal place of business in Wake County, North Carolina. Defendants are residents of Carteret County, North Carolina.

On 3 September 2009, Plaintiff executed a loan agreement with an entity known as "Ocean King, LLC" ("Ocean King") whereby Plaintiff agreed to loan Ocean King $3,150,000 in exchange for repayment with interest. The loan agreement, which was attached and incorporated into

---

1. There are two defendants identified in this case—Defendant Alfred B. Cooper, Jr. and Defendant Julian E. Cameron. Defendant Julian E. Cameron took no part in this appeal. When Defendants Cameron and Cooper are referred to collectively, "Defendants" will be used.

the complaint by reference, shows that Defendants signed for Ocean King in their official capacities as managers of the company. Defendants also executed a promissory note on behalf of Ocean King in favor of Plaintiff, which was secured by a deed of trust on real property and fixtures owned by Ocean King. Additionally, Defendants executed a personal guaranty agreement whereby Defendants unconditionally guaranteed Ocean King's performance and payment under the loan agreement and the promissory note.

Plaintiff alleges that beginning on 5 March 2011, Ocean King defaulted on its obligations under the loan agreement and promissory note. Subsequently, Plaintiff foreclosed on the deed of trust, which resulted in a deficiency balance on the promissory note. Plaintiff now seeks to collect the outstanding deficiency from Defendants *as guarantors* of the note.

After Plaintiff filed its complaint, Defendant filed a pre-answer motion to dismiss pursuant to Rule 12(b)(3) of the North Carolina Rules of Civil Procedure for improper venue. Specifically, Defendant asserted that the loan agreement and the guaranty agreement, by their terms, limit venue exclusively to Alamance County. Paragraph 14.7 of the loan agreement provides that "[b]y their signatures below, the parties consent to the exclusive, personal jurisdiction by the courts of North Carolina and to venue in Alamance County, North Carolina and waive any objection thereto." Likewise, Paragraph 16 of the guaranty agreement provides that "[b]y its signature below, Guarantor consents to the exclusive, personal jurisdiction by the courts of North Carolina and to venue in Alamance County, North Carolina and waives any objection thereto." Defendant Cameron filed an answer and consented to venue in Wake County.

Following a hearing on 6 November 2012, the trial court entered an order denying Defendant's Rule 12(b)(3) motion. Specifically, the trial court concluded that venue was not exclusive to Alamance County and that venue is proper in Wake County. Defendant filed timely notice of appeal.

## II. Jurisdiction & Standard of Review

[1] Defendant's appeal from the trial court's order denying Defendant's Rule 12(b)(3) motion to dismiss is interlocutory. *See Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) ("An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy."). "Generally, there

is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). However, an "immediate appeal is available from an interlocutory order or judgment which affects a substantial right." *Sharpe v. Worland*, 351 N.C. 159, 162, 522 S.E.2d 577, 579 (1999) (quotation marks omitted); accord N.C. Gen. Stat. §§ 1-277(a), 7A-27(d) (2011).

Here, the trial court's order denying Defendant's Rule 12(b)(3) motion affects a substantial right. *See Cable Tel Servs., Inc. v. Overland Contracting, Inc.*, 154 N.C. App. 639, 641, 574 S.E.2d 31, 33 (2002) ("[A]lthough an appeal from the denial of a motion to dismiss . . . is ordinarily not appealable, this matter is properly before this Court because North Carolina case law establishes firmly that an appeal from a motion to dismiss for improper venue based upon a jurisdiction or venue selection clause dispute deprives the appellant of a substantial right that would be lost." (quotation marks and citation omitted)). Accordingly, this Court has jurisdiction to hear Defendant's appeal pursuant to N.C. Gen. Stat. §§ 1-277(a), 7A-27(d).

**[2]** "On review of the denial of the motion to dismiss based on a venue selection clause, we apply an abuse of discretion standard." *Cable Tel Servs.*, 154 N.C. App. at 644, 574 S.E.2d at 34. "Under the abuse-of-discretion standard, we review to determine whether a decision is manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision. *Mark Grp. Int'l, Inc. v. Still*, 151 N.C. App. 565, 566, 566 S.E.2d 160, 161 (2002).

### III. Analysis

In civil actions where both the plaintiff and the defendant are North Carolina residents, our venue statute provides that the action "must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement." N.C. Gen. Stat. § 1-82 (2011). The unchallenged findings of fact before this Court establish that Plaintiff has a registered office and maintains its principal place of business in Wake County and that Defendants are residents of Carteret County. Accordingly, because Plaintiff is a resident of Wake County pursuant to N.C. Gen. Stat. § 1-79(a) (2011), venue is proper in Wake County under our default venue rule.[2]

Even so, "a contractual forum selection clause can modify this default venue rule." *LendingTree, LLC v. Anderson*, ___ N.C. App. ___,

---

2. Venue would also be proper under the default rule in Carteret County, where Defendants reside.

___, 747 S.E.2d 292, 296–97 (2013). Defendant contends that Paragraph 14.7 of the loan agreement and Paragraph 16 of the guaranty agreement contain a mandatory forum selection clause that limits venue in the present action to Alamance County.[3] Paragraph 16 of the guaranty agreement provides that "[b]y its signature below, Guarantor consents to the exclusive, personal jurisdiction by the courts of North Carolina and to venue in Alamance County, North Carolina and waives any objection thereto." For the following reasons, we hold that venue is not exclusive to Alamance County under a plain reading of this contractual language.

Generally, there are three types of contractual provisions that parties use to avoid litigation concerning jurisdiction and governing law: (1) choice of law clauses, (2) consent to jurisdiction clauses, and (3) forum selection clauses. *Gary L. Davis, CPA, P.A. v. Hall,* ___ N.C. App. ___, ___, 733 S.E.2d 878, 880 (2012).

> Choice of law clauses specify which state's substantive laws will apply to any arising disputes. Consent to jurisdiction clauses grant a particular state or court personal jurisdiction over those consenting to it, authoriz[ing] that court or state to act against him. . . . [A] true forum selection provision[] goes one step further than a consent to jurisdiction provision. A forum selection provision designates a particular state or court as the jurisdiction in which the parties will litigate disputes arising out of the contract and their contractual relationship.

*Id.* (quotation marks and citations omitted) (first alteration in original). In summary, "a forum selection clause designates the venue, a consent to jurisdiction clause waives personal jurisdiction and venue, and a choice of law clause designates the law to be applied." *Corbin Russwin, Inc. v. Alexander's Hardware, Inc.,* 147 N.C. App. 722, 726–27, 556 S.E.2d 592, 596 (2001).

Importantly, "when a jurisdiction is specified in a provision of contract, the provision generally will not be enforced as a mandatory selection clause without some further language that indicates the parties' intent to make jurisdiction exclusive." *Mark Grp. Int'l,* 151 N.C. App. at 568, 566 S.E.2d at 162. "[M]andatory forum selection clauses recognized by our appellate courts have contained words such as 'exclusive' or 'sole'

---

3. Because the contractual language at issue is substantially the same in both the loan agreement and the guaranty agreement, and because Defendants are being sued as guarantors, Paragraph 16 of the guaranty agreement will be the focus of our analysis.

or 'only' which indicate that the contracting parties intended to make jurisdiction exclusive." *Id. See, e.g., Internet E., Inc. v. Duro Commc'ns, Inc.*, 146 N.C. App. 401, 403, 553 S.E.2d 84, 85–86 (2001) (finding that an agreement contained a mandatory forum selection clause where the agreement provided that "the State courts of North Carolina shall have sole jurisdiction . . . and that venue shall be proper and shall lie exclusively in the Superior Court of Pitt County, North Carolina"); *Appliance Sales & Serv., Inc. v. Command Elecs. Corp.*, 115 N.C. App. 14, 23, 443 S.E.2d 784, 790 (1994) (finding contractual language providing that "the Courts in Charleston County, South Carolina shall have exclusive jurisdiction and venue" to be a mandatory forum selection clause). "In the absence of such language, the clause is viewed as permissive, consistent with a consent to jurisdiction clause." *Gary L. Davis, CPA*, ___ N.C. App. at ___, 733 S.E.2d at 880.

Here, the plain and unambiguous language of the guaranty agreement contains a mandatory forum selection clause with respect to personal jurisdiction and a permissive consent to jurisdiction clause with respect to venue. While both clauses appear together in the same sentence, "exclusive" modifies the parties' agreement as to personal jurisdiction, not venue. This distinction is illustrated by the addition of a numerical marker before each clause: "Guarantor consents [1] to the exclusive, personal jurisdiction by the courts of North Carolina and [2] to venue in Alamance County, North Carolina and waives any objection thereto." Without additional evidence that the parties intended to make venue exclusive to Alamance County, the clause must be interpreted as a permissive consent to jurisdiction clause. *See id.; see also Johnston Cnty. v. R.N. Rouse & Co., Inc.*, 331 N.C. 88, 95, 414 S.E.2d 30, 34 (1992) ("[T]he most fundamental principle of contract construction [is] that the courts must give effect to the plain and unambiguous language of a contract.").

Accordingly, because venue is not exclusive to Alamance County under the plain language of the guaranty agreement, and because venue is proper in Wake County under N.C. Gen. Stat. § 1-82, we find no error in the trial court's order.

## IV. Conclusion

For the foregoing reasons, we affirm the order of the trial court denying Defendant's Rule 12(b)(3) motion to dismiss for improper venue.

Affirmed.

Judges ROBERT C. HUNTER and CALABRIA concur.