An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1449

NORTH CAROLINA COURT OF APPEALS

Filed: 19 August 2014

PACKERS PRINTING AND PUBLISHING
COMPANY, INC. and PACKERS PRINTING
AND PUBLISHING COMPANY, INC.
t/d/b/a BUDGET PRINTING, CO.,
    Plaintiff,

v.

ANAJET, LLC; and ANAJET, LLC
t/d/b/a ANAJET, INC.,
    Defendant.

Columbus County
No. 13 CVS 675

Appeal by defendant from order entered 24 October 2013 by Judge Phyllis Gorham in Columbus County Superior Court. Heard in the Court of Appeals 21 May 2014.

> *Wright, Worley, Pope, Ekster, & Moss, PLLC, by Boyd T. Worley, for plaintiff-appellee.*
>
> *McAngus, Goudelock & Courie, PLLC, by John P. Barringer and Jeffrey B. Kuykendal, for defendant-appellant.*

BRYANT, Judge.

Where the forum selection clause included in the contract between plaintiff and defendant was not mandatory but permissive, the trial court did not err in denying defendant's motion to dismiss on the basis of venue.

In Columbus County Superior Court, on 21 May 2013 and later on 13 August 2013 (amended), plaintiff Packers Printing and Publishing Company, Inc., filed a complaint against defendant Anajet, LLC. Plaintiff was located in Columbus County; defendant in Costa Mesa, California.

In its complaint, plaintiff alleged that on 12 June 2012, it purchased from defendant an Anajet Mp5 printer. To set up the printer upon delivery, plaintiff was provided only a training CD. Despite the CD instructions and support from defendant's technical staff, the printer did not function properly upon assembly. Ultimately, plaintiff demanded a rescission of the contract. Defendant refused. Plaintiff sought recovery on the following grounds: breach of contract; breach of express warranty; fraud and punitive damages; and unfair and deceptive trade practices.

In lieu of an answer, defendant moved to dismiss the complaint pursuant to Civil Procedure Rule 12(b), subsections (1), (2), (3), and (6). Defendant asserted that the contract between plaintiff and defendant—the Anajet Apparel Printer Customer Order Form, which included a purchase agreement (hereinafter "the contract")—contained a forum selection clause requiring application of California law and requiring that the

dispute be settled in Orange County, California. The matter came on for hearing on 16 September 2013. On 24 October 2013, the trial court denied defendant's motion to dismiss. Defendant appeals.

_____

On appeal, defendant contends the trial court erred in denying defendant's motion to dismiss the action for improper venue.

*Motion to dismiss*

Initially, we note that plaintiff filed with this Court a motion to dismiss defendant's appeal on the grounds that the appeal is interlocutory and that defendant has failed to demonstrate any basis which meets the criteria for which this Court will address an interlocutory appeal.

> [I]mmediate appellate review of an interlocutory order is available when the trial court enters a final judgment as to one or more, but fewer than all, claims or parties and certifies that there is no just reason for delay pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b) or when the interlocutory order affects a substantial right under N.C. Gen. Stat. § 1-277(a) and N.C. Gen. Stat. § 7A-27(d).

*Hill v. StubHub, Inc.*, ___ N.C. App. ___, ___, 727 S.E.2d 550, 554 (2012), *review denied*, 366 N.C. 424, 736 S.E.2d 757 (2013) (citation and quotations omitted). Plaintiff asserts that the

trial court did not provide a Rule 54(b) certification for appeal and that the court order does not affect a substantial right.

While Rule 54(b) was inapplicable to the appealed order, *see* N.C. R. Civ. P. § 1A-1, Rule 54(b) ("Judgment upon multiple claims or involving multiple parties"), plaintiff's assertions that the trial court order does not affect a substantial right are incorrect. In *Mark Grp. Int'l, Inc. v. Still*, this Court held that "our case law establishes firmly that an appeal from a motion to dismiss for improper venue based upon a jurisdiction or venue selection clause dispute deprives the appellant of a substantial right that would be lost." 151 N.C. App. 565, 566, 566 S.E.2d 160, 161 n.1 (2002). Accordingly, we deny plaintiff's motion to dismiss defendant's appeal.

*Argument*

On appeal, defendant argues that the trial court erred in denying its motion to dismiss for improper venue. Defendant contends the forum selection clause in the contract named the appropriate venue as Orange County, California, and is a mandatory forum selection clause. We disagree.

> Generally, there are three types of contractual provisions that parties use to avoid litigation concerning jurisdiction and governing law: (1) choice of law clauses,

(2) consent to jurisdiction clauses, and (3) forum selection clauses.

[(1)] Choice of law clauses specify which state's substantive laws will apply to any arising disputes. [(2)] Consent to jurisdiction clauses grant a particular state or court personal jurisdiction over those consenting to it, authorizing that court or state to act against him. [(3)] A true forum selection provision goes one step further than a consent to jurisdiction provision. A forum selection provision designates a particular state or court as the jurisdiction in which the parties will litigate disputes arising out of the contract and their contractual relationship.

*Capital Bank, N.A. v. Cameron*, \_\_\_ N.C. App. \_\_\_, \_\_\_, 753 S.E.2d 153, 156 (2013) (citations and quotations omitted), *withdrawn*, \_\_\_ N.C. \_\_\_, \_\_\_ S.E.2d \_\_\_ (Apr. 8, 2014) (No.28P14-1), *withdrawn*, \_\_\_ N.C. \_\_\_, \_\_\_ S.E.2d \_\_\_ (Apr. 14, 2014) (No.28P14) (2014).

"We employ the abuse-of-discretion standard to review a trial court's decision concerning clauses on [forum] selection. Under the abuse-of-discretion standard, we review to determine whether a decision is manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision." *Gary L. Davis, CPA, P.A., v. Hall*, \_\_\_ N.C. App.

___, ___, 733 S.E.2d 878, 880 (2012) (citation and quotations omitted).

We look to the terms of the contract, particularly, the section identifying the "Governing Law and Jurisdiction."

> 8. Governing Law and Jurisdiction. This Agreement shall be governed by the laws of the State of California. In the event of disputes, the venue is an appropriate Court in Orange County, CA.

It is apparent the parties agreed—as the first sentence, the choice of laws clause, provides—that the laws of the State of California will govern the interpretation of the contract. The dispute is only as to the forum selection clause: whether it is mandatory or permissive.[1]

We consider the forum selection clause in accordance with California law.

> The California Supreme Court has held that contractual forum selection clauses are valid and should be given effect unless enforcement of the clause would be unreasonable. (*Smith, Valentino & Smith, Inc. v. Superior Court* (1976) 17 Cal.3d 491, 495–496 . . . (*Smith* ) . . . . However, a distinction has been drawn between a mandatory and a permissive forum selection clause for purposes of analyzing whether the clause should be enforced. A mandatory clause will ordinarily be given effect without any analysis of convenience; the only question is whether enforcement of the

---

[1] The contract contains no consent to jurisdiction clause.

> clause would be unreasonable. On the other hand, when the clause merely provides for submission to jurisdiction and does not expressly mandate litigation exclusively in a particular forum, then the traditional forum non conveniens analysis applies. (*Berg v. MTC Electronic Technologies Co.*, 61 Cal.App.4th 349, 358–360 . . . (1998) (*Berg* ).)

*Intershop Commc'ns AG v. Superior Court*, 104 Cal. App. 4th 191, 196 (2002) (citation omitted).

In *Berg v. MTC Electronics Technologies Co.*, 61 Cal. App. 4th 349 (1998), the California Court of Appeals for the Second District, Division 2, reviewed the following provision: "The company MTC has expressly submitted to the jurisdiction of the State of California and United States Federal courts sitting in the City of Los Angeles, California, for the purpose of any suit, action or proceedings arising out of this Offering." *Id.* at 357. The plaintiffs contended that the provision amounted to a mandatory forum selection clause. The *Berg* Court compared the clause to three forum selection clauses previously determined to be mandatory: "any and all litigation that may arise as a result of this Agreement shall be litigated in Dade County, Florida[,]" (quoting *Lu v. Dryclean-U.S.A. of California, Inc.*, 11 Cal. App. 4th 1490, 1492 (1992)); "any claims shall be prosecuted in the appropriate court of Ontario[,]" (quoting *CQL Original Products,*

*Inc. v. National Hockey League Players' Assn.*, 39 Cal. App. 4th 1347, 1352 (1995)); and "[a]ny appropriate state or federal district court located in the Borough of Manhattan, New York City, New York shall have exclusive jurisdiction over any case of controversy arising under or in connection with this Agreement[,]" (quoting *Cal-State Business Products & Services, Inc. v. Ricoh*, 12 Cal. App. 4th 1666, 1672 fn. 4 (1993)). *Berg*, 61 Cal. App. 4th at 357—58. The *Berg* Court observed that by comparison, the clause before them did not "contain express language of exclusivity of jurisdiction or a mandatory place of litigation." *Id.* at 358. "Clauses that grant jurisdiction to a particular forum without expressly making that forum the mandatory situs for resolution of disputes are considered permissive only." *Id.* at 359 (citations omitted). In comparing the clause under review to a permissive selection clause discussed in *Appalachian Ins. Co. v. Superior Court*, which "call[ed] for a party to submit to the jurisdiction of 'any court of competent jurisdiction[,]'" *Id.* at 359 (citing *Appalachian Ins. Co.*, 162 Cal. App. 3d 427 (1984)), the *Berg* Court reasoned that "[t]he clause at issue in the instant case varies from the broad . . . clause involved in *Appalachian Insurance Co.* only in that [it] is more narrowly focused. . . .

[T]he clause does not expressly provide that any dispute must be resolved exclusively in Los Angeles regardless of what other factors might exist." *Id.* at 359.

Guided by the precedent of the California State Supreme Court and the California Court of Appeals, we consider the language of the forum selection clause under our review: "In the event of disputes, the venue is an appropriate Court in Orange County, CA." We note that the clause "does not contain express language of exclusivity of jurisdiction or a mandatory place of litigation." *Id.* at 358. Furthermore, the clause does not expressly provide that any dispute must be resolved exclusively in Orange County, California regardless of what other factors might exist. *See id.* at 359. Therefore, we hold that the forum selection clause contained in the document entitled Anajet Apparel Printer Purchase Terms and Condition is permissive. And, as plaintiff's principal place of business is located in Columbus County, North Carolina, as well as the witnesses to the conduct of both parties, the trial court did not abuse its discretion in denying defendant's motion to dismiss the complaint for grounds associated with improper venue. Accordingly, defendant's argument is overruled. We affirm the

trial court's denial of defendant's motion to dismiss for improper venue.

Affirm.

Judges CALABRIA and GEER concur.

Report per Rule 30(e).