STROUD, Judge.
Where the evidence at trial supported the trial court's findings of fact, which in turn supported its conclusions of law, the trial court did not err in entering a no-contact order. Where appellant fails to argue legal issues on appeal, such arguments are deemed abandoned.
I. Factual and Procedural Background
On 7 April 2014, Junell Porter (plaintiff) filed a complaint, seeking a no-contact order for stalking or nonconsensual sexual conduct against Mae H. Bryant (defendant). Plaintiff's complaint alleged that defendant, who was married to but separated from plaintiff's fiancé, had been lingering outside of plaintiff's home, attempted to run plaintiff and her fiancé off of the road in a vehicle, sent documents threatening to sue plaintiff, and sent a Christmas card to plaintiff and her fiancé. That same day, the District Court of Mecklenburg County issued a temporary no-contact order for stalking or nonconsensual conduct against defendant.
On 17 April 2014, the trial court entered a no-contact order for stalking or nonconsensual conduct. The order found that defendant, on more than one occasion, had followed or otherwise harassed plaintiff. The order would remain effective for one year.
On 23 April 2014, defendant moved for a new trial pursuant to Rule 59 of the North Carolina Rules of Civil Procedure, and for relief from judgment pursuant to Rule 60 of the North Carolina Rules of Civil Procedure. On 16 July 2014, the trial court entered an order denying defendant's motions.
Defendant appeals.
II. Standard of Review
"[W]hen the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." Romulus v. Romulus,215 N.C.App. 495, 498, 715 S.E.2d 308, 311 (2011) (citations omitted).
III. Arguments
Defendant contends that the trial court erred in granting the no-contact order, in dismissing defendant's motion for relief from judgment, and in abusing its discretion. We disagree.
A. No-Contact Order
In her first argument, defendant contends that the trial court erred in granting plaintiff's motion for a no-contact order.
Defendant cites no legal precedent whatsoever in her purported argument. Instead, defendant disputes the factual basis for the grant of the order, contending that the conduct alleged in plaintiff's complaint had a legal purpose. As a result, defendant contends, the trial court erred in concluding that defendant engaged in stalking.
"Fact finding is not a function of our appellate courts." Godfrey v. Zoning Bd. of Adjust. of Union Cty.,317 N.C. 51, 63, 344 S.E.2d 272, 279 (1986). It is not the role of this Court to weigh defendant's evidence against that of plaintiff. Rather, our role on appeal from a bench trial is to determine whether there was competent evidence to support the trial court's findings of fact, and whether those findings in turn support its conclusions of law.
In the instant case, upon review of the record and transcript, we find that the evidence at trial is sufficient to support the trial court's finding that defendant's conduct was without legal purpose, which in turn supports its conclusion that defendant engaged in stalking.
This argument is without merit.
B. Motion for Relief from Judgment
In her second argument, defendant contends that the trial court erred in denying defendant's motion for relief from judgment.[1]
Again, defendant cites no legal precedent in support of her argument. Instead, defendant contends that the trial court failed to admit various documents, and that the trial court denied her the opportunity to speak on her own behalf, both of which are proven untrue by even the most cursory examination of the transcripts in this case. Confusingly, defendant cites Rule 56 of the North Carolina Rules of Civil Procedure, which governs summary judgment motions, as a basis for the trial court's error.
We hold that defendant has failed to raise any argument whatsoever with respect to this issue, and it is deemed abandoned pursuant to Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure.
C. Abuse of Discretion
In her third argument, defendant contends that the trial court abused its discretion.
As in her arguments above, defendant presents no legal basis for this argument, instead challenging the factual basis for the trial court's decisions, and contending that the court's decision "was not based on logic."
We note, first and foremost, that the standard of review for this appeal is not abuse of discretion; it is whether there was evidence before the trial court sufficient to support its findings of fact, and whether those findings in turn support its conclusions of law. Even assuming arguendothat our review was pursuant to an abuse of discretion standard, however, defendant has failed to demonstrate that the trial court's decision was "a decision ... manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision." Mark Grp. Int'l, Inc. v. Still,151 N.C.App. 565, 566, 566 S.E.2d 160, 161 (2002). Defendant simply contends that the trial court should have found her more credible than plaintiff and should have ruled in her favor. We hold that this is not sufficient to demonstrate error by the trial court.
This argument is without merit.
AFFIRMED.
Judges DILLON and DAVIS concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from judgment entered 16 July 2014 by Judge Donnie Hoover in District Court, Mecklenburg County. Heard in the Court of Appeals 19 March 2015.

Defendant has raised no argument with respect to her motion for new trial. As a result, such argument is deemed abandoned. See N.C. R.App. P. 28(b)(6).